

DIAZ, REUS & TARG, LLP
MIAMI OFFICE
100 S.E. Second Street
Suite 3400
Miami, Florida 33131-USA

Tel: (305) 375-9220
Fax: (305) 375-8050
www.diazreus.com

December 10, 2015

**By ECF**

Honorable Thomas P. Griesa
United States Courthouse
Southern District of New York
500 Pearl Street
New York, NY 10007

Re:   *Seijas, et al. v. The Republic of Argentina*
      **04cv400; 04cv401; 04cv506; 04cv936; 04cv937; 04cv1085; 04cv2117; 04cv2118**

Dear Judge Griesa:

At the December 1, 2015 status conference, the Court expressed its desire for an efficient process to gather the information needed for an evidentiary hearing concerning class damages. We share that desire.

Towards that end, we offer the following recap of where we are and how we propose to proceed:

**Discovery**:  The parties are continuing with their discovery process and the Court has granted Letters Rogatory for certain discovery outside the U.S.  The purpose of the discovery, including the Letters Rogatory, is to identify which institutions hold interests in the bonds and, in turn, which banks, brokerages, etc. hold bonds on behalf of beneficial holders so that Plaintiffs can obtain information as to which holders have held "continuously" and in what amounts, as well as information on trading activity in general that can be used to carry out the Second Circuit's instructions to "consider evidence with respect to the volume of bonds purchased in the secondary market after the start of the class periods" as part of proving class damages for the "continuous holder" classes.

**Proof of Claim**:  At the December 1 conference, the Court directed that the parties' discovery requests should be supplemented by a process to ask class members to directly identify themselves by submitting Proofs of Claim.  As directed by the Court, Plaintiffs' Counsel have prepared a proposed Request for Proof of Claim, a copy of which is attached here.[1]

---

[1]      To be clear, the Request for Proof of Claim is simply for purposes of calculating the class judgment.  If judgment is entered and the classes either recover on the judgment or reach a

Judge Griesa
December 10, 2015
Page 2 of 4

The parties did not discuss with the Court how the Court intends to disseminate the Request for Proof of Claim.  To make the Request for Proof of Claim process as effective as possible, Plaintiffs propose that the Court order the following:

1. Plaintiffs shall publish the Request for Proof of Claim in Businesswire, La Nacion, and Clarin at least twice between December 10, 2015 and January 31, 2016.

2. Plaintiffs shall arrange for copies of the Request for Proof of Claim to be mailed to a proprietary list of major U.S. brokerages maintained by the Gilardi & Co. LLC, an experienced, class action claims administration firm.  That mailing can take place before December 31, 2015.

3. To underscore the importance of the Request and to ensure that it reaches relevant institutions outside the U.S., Argentina shall cause the Request for Proof of Claim to be submitted (a) to DTC for posting and distribution through DTC's LENS (Legal Notice System) and (b) to Euroclear to be posted and distributed through the agents' legal notice or corporate action notice procedures.  These Legal Notice and corporate action systems are regularly used to efficiently disseminate information concerning bonds and bondholder action to brokers and other institutions who, in turn, communicate with the relevant clients.  Plaintiffs' counsel is informed that only Argentina, as issuer, can direct the Request to be posted and distributed through these systems.  Argentina shall submit the Request no later than December 31, 2015.

4. We believe Argentina used the DTV and Euroclear mechanisms in soliciting bondholders to participate in the 2005 and 2010 exchange offers.  If that is not correct and Argentina did not use those mechanisms, Argentina should distribute and publish the Request for Proof of Claim, no later than December 31, 2015, through the same mechanisms it used to give notice to bondholders of the 2005 and 2010 exchange offers.  The Request for Proof of Claim is at least as material to bondholders as the exchange offers---and Argentina was permitted to direct the exchange offers to class members post-certification.

5. Argentina shall post and maintain the Request for Proof of Claim on the official websites of the Ministerio de Economia y Finanzas Publicas de la Nacion starting no later than December 31, 2015 and continuously through April 26, 2016 (or such later time as the Court may order).  Argentina regularly publishes materials

---

settlement with Argentina, class members may be asked to submit additional information to collect their share of any funds recovered or paid in settlement.  The use of the Request for Proof of Claim should not be deemed to turn these opt-out classes into opt-in classes (and additional information beyond the Proofs of Claim may be used in assessing class damages).

Judge Griesa
December 10, 2015
Page 3 of 4

concerning the "hold out" litigations on this website.[2]  It is therefore a natural place to inform class members of this latest development in the litigation.

Argentina has not agreed to Plaintiffs' proposed Request for Proof of Claim, but has not specified why.  Plaintiffs submit that their proposed form is simple and straightforward and, therefore, is more likely to engender responses (and less likely to create confusion) than a more complex, wordy, and burdensome form.  As the Court explained, the Proof of Claim process it proposed is simply to gather information for the evidentiary hearing.  It is not an opt-out or opt-in process, it is not notice of a class settlement, and it is not a post-judgment claims administration process.  All the Court requires at this stage is information from the bondholders about the volume of bonds in the eight class series that they held <u>continuously</u> throughout the class period.  That is what Plaintiffs' proposed form asks bondholders to provide.

Argentina also objects to being ordered to help disseminate the Request for Proof of Claim.  Plaintiffs believe it is completely appropriate to have Argentina shoulder some of the burden in the Proof of Claim process.  First, this is a process that the Court has ordered as part of its effort to comply with the Second Circuit's directive.  The parties should jointly assist the Court in carrying out that process.  Second, in the analogous situation of Class Notice, courts frequently shift some or all of the burden of Class Notice to the defendant where, as here, the defendant has been found liable on the merits.[3]  Third, at least two of the methods of publication proposed to be carried out by Argentina---submission to the DTV and Euroclear mechanisms and publication on the Ministry's website---are extremely economical, require only electronic communication and use of existing resources, and cannot be undertaken by the Plaintiffs (who do not have access to the Ministry's website and cannot direct publication of issuer information through the DTC and Euroclear mechanisms).

If it would be helpful to the Court, we would be happy to address any questions about the proposed form of Request for Proof of Claim and publication methods.

**<u>Evidentiary Hearing</u>:**  The Court has set April 26, 2016 as the date for an evidentiary hearing on proof of class damages.  Depending on what information and evidence is obtained through discovery and through the Request for Proofs of Claim, it may be clear that additional

---

[2]     E.g., "La Justicia de Bélgica obliga al BoNY a desbloquear los fondos de los Bonistas Europeos congelados por Griesa," 10/22/15, http://www.economia.gob.ar/la-justicia-de-belgica-obliga-al-bony-a-desbloquear-los-fondos-de-los-bonistas-europeos-congelados-por-griesa/;   "El Tribunal de Apelaciones de Nueva York corrige a Griesa y a los buitres," 8/31/15, http://www.economia.gob.ar/el-tribunal-de-apelaciones-de-nueva-york-corrige-a-griesa-y-a-los-buitres/; and "Argentina tenía razón: Griesa avala la nueva extorsión buitre bajo el disfraz de los "me too," 6/5/15, http://www.economia.gob.ar/argentina-tenia-razon-griesa-avala-la-nueva-extorsion-buitre-bajo-el-disfraz-de-los-me-too/.

[3]     E.g., *Hunt v. Imperial Merch. Serv., Inc.*, 560 F.3d 1137 (9th Cir. 2009) (appropriate to shift costs of class notice to defendant after finding of liability); *Macarz v. Transworld Sys., Inc.*, 201 F.R.D. 54, 59 (D. Conn. 2001) (same); *Bickel v. Whitley County Sheriff*, 2010 WL 5564634, at *2 (N.D. Ind. 2010) (same; citing cases and treatise).

Judge Griesa
December 10, 2015
Page 4 of 4

discovery would yield more and better information to calculate class damages.  Plaintiffs will timely alert the Court if it appears that additional discovery is needed to protect the interests of the unidentified class members if such discovery cannot be completed before the April 26 hearing date.

Respectfully submitted,

Marta Colomar‐Garcia

cc by email:   Carmine Boccuzzi
               Saul Roffe
               Jennifer Scullion