# CLEARY GOTTLIEB STEEN & HAMILTON LLP

ONE LIBERTY PLAZA
NEW YORK, NY 10006-1470

(212) 225-2000

FACSIMILE (212) 225-3999

WWW.CLEARYGOTTLIEB.COM

WASHINGTON, DC · PARIS · BRUSSELS · LONDON · MOSCOW
FRANKFURT · COLOGNE · ROME · MILAN · HONG KONG
BEIJING · BUENOS AIRES · SÃO PAULO · ABU DHABI · SEOUL

Writer's Direct Dial: +1 212 225 2508
E-Mail: cboccuzzi@cgsh.com

December 14, 2015

**BY ECF AND HAND**

Honorable Thomas P. Griesa
United States District Court for
the Southern District of New York
500 Pearl Street
New York, New York 10007

Re: *Seijas v. Republic of Argentina*, No. 04 Civ. 400 (TPG); and related cases
*Brecher v. Republic of Argentina*, No. 06 Civ. 15297 (TPG)

Dear Judge Griesa:

I write in response to plaintiffs' letters dated December 10, 2015. For the reasons set forth below, we respectfully request that the Court reject the *Seijas* plaintiffs' proof of claim proposal, and adopt in each of these cases the proof of claim form submitted by plaintiff Henry Brecher.

In accordance with the Court's December 1, 2015 Order, counsel to Mr. Brecher and we conferred and agreed upon a proposed proof of claim form to be submitted for the Court's approval. Mr. Brecher's proposed form requests from class members the information necessary to comply with the Second Circuit's mandate and assist the Court in determining damages. The Court should therefore approve Mr. Brecher's proposed proof of claim.

The *Seijas* plaintiffs, by contrast, refused to engage in any dialogue regarding the contents of their proposal. Contrary to plaintiffs' suggestion, Seijas Ltr. at 3, on December 8 – one day after receiving plaintiffs' draft proof of claim – we proposed that these plaintiffs include the same requests for information set forth in Mr. Brecher's form. *See* Ex. A at 2. Plaintiffs ignored our suggestion, waiting until the morning of December 10 to inform us that they would not consider any of our proposed revisions. *See id.* at 1. Plaintiffs then submitted a unilateral

CLEARY GOTTLIEB STEEN & HAMILTON LLP OR AN AFFILIATED ENTITY HAS AN OFFICE IN EACH OF THE CITIES LISTED ABOVE.

Hon. Thomas P. Griesa, p. 2

proposal after the Court's noon deadline expired, in violation of the Court's December 1 Order. No. 04 Civ. 400, ECF No. 271 at 1 (S.D.N.Y. Dec. 1, 2015) (directing parties "to confer" and submit a proposed form "no later than 12:00 p.m. on December 10, 2015").

The *Seijas* plaintiffs' proof of claim omits information critical to an accurate calculation of damages, whether on an aggregate or individual basis. *See* Dec. 1 Order (describing purpose of proof of claim form). In particular, plaintiffs' proposal fails to: (1) request *any* documentation showing ownership and when those interests were acquired; (2) confirm that bondholders have held their interest continuously, the central issue in each of the appeals in these cases; (3) specify that those who have opted out of this litigation or commenced other litigation should not submit a proof of claim; or (4) provide a deadline by which class members must submit their proofs. Plaintiffs offer no justification for why they omitted this information. Class counsel for Mr. Brecher determined that each of these provisions was appropriate, and we agree. We therefore respectfully request that Mr. Brecher's proposed proof of claim form be used in the *Seijas* cases.[1]

We disagree, however, on the issue of costs. The *Seijas* plaintiffs, joined by Mr. Brecher, seek to impose on the Republic the burden and expense of publishing plaintiffs' proof of claim forms, including by recreating notice procedures used by the Republic in its debt restructuring over five years ago. Seijas Ltr. at 2-3. However, the purpose of these proceedings, as set forth by the Second Circuit, is to afford plaintiffs a final opportunity to establish damages on an aggregate or individual basis. *Puricelli v. Republic of Argentina*, 797 F.3d 213, 217, 219 (2d Cir. 2015). As Mr. Brecher correctly concedes, the law is well-settled that plaintiffs bear the burden of establishing their damages. Brecher Ltr. at 1; *accord Arch Ins. Co. v. Precision Stone, Inc.*, 584 F.3d 33, 40 (2d Cir. 2009) ("It is fundamental to the [New York] law of damages that one complaining of injury has the burden of proving the extent of the harm suffered." (internal quotation marks omitted)). Thus, just as plaintiffs undisputedly are responsible for any discovery they choose to serve to prove up damages, they are likewise responsible for obtaining information from their class members to help substantiate the amount of bond interests that meet the class definition. *See Fox v. Vice*, 131 S. Ct. 2205, 2213 (2011) ("Our legal system generally requires each to bear his own litigation expenses, including attorney's fees, regardless of whether he wins or loses. Indeed, this principle is so firmly entrenched that it is known as the 'American Rule.'").

---

[1] As we explained in our December 8 email, plaintiffs should of course use the relevant class definitions for their proof of claim. We note that the *Seijas* plaintiffs' proposal misstates their class definition, identifying class members as "beneficial holders of any amounts of the bonds who held the bonds as of the relevant starting date listed below (or earlier), *and still hold at least some amount of that original holding today*." No. 04 Civ. 400, ECF No. 275-1 at 3 (S.D.N.Y. Dec. 10, 2015) (emphasis in original). The actual class definition certified by the Court is "persons or entities that purchased [the bonds] prior to [the starting date] and held them continuously until the time of final judgment." Ex. B at 2-3 (representative example of class certification Order). The *Seijas* plaintiffs' proof of claim form must accurately state their class definition.

Hon. Thomas P. Griesa, p. 3

      Plaintiffs seek to avoid this established law by equating their proof of claim form to class action notice under Rule 23(c). However, even assuming these distinct mechanisms are analogous, plaintiffs ignore the rule that absent exceptional circumstances, "a plaintiff must initially bear the cost of notice to the class." *Eisen v. Carlisle & Jacqueline*, 417 U.S. 156, 178 (1974); *see also Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 359 (1978) ("we caution that courts must not stray too far from the principle underlying *Eisen IV* that the representative plaintiff should bear all costs relating to the sending of notice because it is he who seeks to maintain the suit as a class action."). Thus, when faced in the *Urban* class action with the identical argument plaintiffs advance here, the Court correctly refused to shift the burden and cost of notice to the Republic, recognizing that plaintiff "has not shown any special duty owed by the Republic or any exceptional hardship it will suffer by initially bearing the (currently modest) costs of class notice." *H.W. Urban GMBH v. Republic of Argentina*, No. 02 Civ. 5699, 2006 WL 587333, at \*2-3 (S.D.N.Y. Mar. 9, 2006); *accord Larsen v. JBC Legal Group*, 235 F.R.D. 191, 195-96 (E.D.N.Y. 2006) (rejecting effort to shift costs of notice based on defendant's liability where plaintiff provided inadequate information as to costs "and sets forth no additional facts that would justify departure from the general rule in this action."). The Court's reasoning applies equally here.[2]

      Moreover, plaintiffs are wrong to claim that their proposal is "economical" and the burden on the Republic *de minimis*. Seijas Ltr. at 3. In aid of its multi-billion dollar worldwide debt restructuring, the Republic expended considerable cost and effort by publishing notices in numerous newspapers in the United States and internationally, on the Luxembourg Stock Exchange, and in various other jurisdictions as required by respective securities laws. Plaintiffs provide no explanation for why these costly measures must be undertaken by the Republic in addition to the direct mailing and newspaper notifications plaintiffs intend to publish to support their class damages.[3] To the extent plaintiffs wish to provide internet notice to potential class members, the proper and customary means for doing so is via a class website – as

---

[2] The non-binding cases plaintiffs cite do not support their proposal. All three cases address notice of the existence of a class under Rule 23(c), not dissemination of a proof of claim form to help plaintiffs meet their burden of establishing damages. Moreover, in *Macarz v. Transworld Sys., Inc.*, 201 F.R.D. 54, 59 (D. Conn. 2001), defendant "d[id] not contest that it bears the cost of notice," while *Hunt v. Imperial Merchant Servs., Inc.*, 560 F.3d 1137 (9th Cir. 2009), merely held that a district court did not abuse its discretion as a matter of law by shifting costs to the defendant. Thus, the magistrate judge in *Bickel v. Whitley Cty. Sherriff*, No. 08 Civ. 102, 2010 WL 5564634 (N.D. Ind. Dec. 27, 2010), cited by plaintiffs, elected to shift costs in a federal civil rights action in which fee shifting was permitted under federal statutory law, while other decisions have rightly concluded that plaintiffs must bear their own costs for notice. *See, e.g.*, *Gutierrez v. Wells Fargo Bank, N.A.,* No. C 07-05923, 2015 WL 2438274, at \*9 (N.D. Cal. May 21, 2015) (denying plaintiffs' motion to shift costs of circulating notice after finding of liability notwithstanding *Hunt*).

[3] Notably, the direct mailing and newspaper notice plaintiffs will undertake is substantially similar to those the Court considered sufficient to provide constitutionally-mandated notice to plaintiffs' class members of the right to opt-out. Ex. C at 1-2 (describing notice class representative will provide to absent class members).

Hon. Thomas P. Griesa, p. 4

Mr. Brecher has already done, *see* Ex. D at 2 – not forcing a defendant to publish a statement on *its* website. *Cf. Pac. Gas. & Elec. Co. v. Pub. Util. Comm'n of Ca.*, 475 U.S. 1, 16, 18 (1986) (observing that "the choice to speak includes within it the choice of what not to say" and holding that an order that "forces [a party] to disseminate [its adversary]'s speech in envelopes that [it] owns" violates the First Amendment). Finally, plaintiffs are just as capable as the Republic of submitting class notice to the Depositary Trust Company ("DTC") and to Euroclear. Plaintiffs state that they are "informed" that only the Republic can make such a submission, Seijas Ltr. at 2, but Mr. Brecher has already provided class notice through DTC in these very cases, Ex. D at 2. DTC's website makes clear that all "agents, issuers, or courts" may provide a legal notice.[4]

In sum, the *Seijas* plaintiffs have offered no basis for excluding from their proof of claim the important information that Mr. Brecher has correctly included. Nor have plaintiffs identified exceptional circumstances that would warrant requiring the Republic to publish plaintiffs' proof of claim form. For the foregoing reasons, we respectfully request that the Court reject the *Seijas* plaintiffs' proof of claim proposal, and adopt in each of these cases the proof of claim form submitted by plaintiff Henry Brecher.

Respectfully submitted,

Carmine D. Boccuzzi

cc: Counsel of Record (by ECF and EMAIL)

SO ORDERED:

_____

U.S.D.J.

---

[4] DTCC Asset Services, *How to Submit Notices for Posting to DTC's Legal Notice System (LENS)*, http://www.dtcc.com/matching-settlement-and-asset-services/issuer-services/how-to-submit-notices.

# EXHIBIT A

| From: | Marta Colomar Garcia |
|---|---|
| To: | Northrop, Daniel J.; sroffe@gmail.com |
| Cc: | Michael Diaz; Scullion, Jennifer R.; Boccuzzi Jr., Carmine D.; Johnston, Jacob H. |
| Subject: | RE: Seijas & Brecher v. Republic of Argentina -- Proof of Claim Form |
| Date: | Thursday, December 10, 2015 9:30:58 AM |
| Attachments: | image001.png |
| | image002.png |

Dear Daniel –

We will submit our proof of claim form and let the Court know that Argentina does not agree with it.

Thank you

**Marta Colomar-Garcia | Partner**



| | | | |
|---|---|---|---|
| 100 SE 2nd Street | Office: | 305.375.9220 |
| Suite 3400, Miami Tower | Facsimile: | 305.375.8050 |
| Miami, Florida 33131 | Email: | mcolomar@diazreus.com |
| | Web: | www.diazreus.com |

Diaz, Reus & Targ, LLP

MIAMI • LOS ANGELES • NEW YORK • CARACAS • SHANGHAI • DUBAI • MADRID • FRANKFURT • SYDNEY
BOGOTA • MEXICO CITY • BUENOS AIRES • SANTO DOMINGO • PANAMA • SANTIAGO • LIMA • SAO PAULO

NOTICE: The information contained in this electronic mail transmission is intended by this law firm for the use of the named individual or entity to which it is directed and may contain information that is privileged or otherwise confidential. It is not intended for transmission to, or receipt by, anyone other than the named addressee. It should not be copied or forwarded to any unauthorized persons. If you have received this electronic mail transmission in error, please delete it from your system without copying or forwarding it, and notify the sender of the error by reply e-mail or calling the above telephone number (collect)  so that our address record can be corrected. Thank you for your cooperation.

**From:** Northrop, Daniel J. [mailto:dnorthrop@cgsh.com]
**Sent:** Wednesday, December 09, 2015 6:06 PM
**To:** Marta Colomar Garcia; sroffe@gmail.com
**Cc:** Michael Diaz; Scullion, Jennifer R.; Boccuzzi Jr., Carmine D.; Johnston, Jacob H.
**Subject:** RE: Seijas & Brecher v. Republic of Argentina -- Proof of Claim Form

Marta and Saul,

We haven't heard back from you on your proposed notice and proof of claim.  Please let us know as soon as possible whether you have accepted our comments and circulate a revised version, as the proof is due to the Court by tomorrow at noon.

Thanks,
Dan

Daniel J. Northrop
Cleary Gottlieb Steen & Hamilton LLP
Assistant: mhidalgo@cgsh.com
One Liberty Plaza, New York NY 10006
t: +1 212 225 2227 | f: +1 212 225 3999
www.clearygottlieb.com | dnorthrop@cgsh.com

**From:** Northrop, Daniel J.
**Sent:** Tuesday, December 08, 2015 6:27 PM
**To:** mcolomar@diazreus.com; Jason Zweig (jasonz@hbsslaw.com); sroffe@gmail.com
**Cc:** Michael Diaz (MDiaz@diazreus.com); Scullion, Jennifer R.; Boccuzzi, Carmine (cboccuzzi@cgsh.com); Johnston, Jacob H.
**Subject:** Seijas & Brecher v. Republic of Argentina -- Proof of Claim Form

Jason, Marta, and Saul,

I attach our comments to Brecher's proposed notice and proof of claim. We believe the Brecher notice – with our proposed revisions – best reflects Judge Griesa's instructions to the parties, and therefore suggest that the Seijas plaintiffs conform their notices to the attached in form and substance. The Seijas notices of course should reflect the class definition of those cases as certified by Judge Griesa; i.e. all persons or entities who purchased the relevant bond series prior to the commencement date and held such interests continually to the present.

With respect to the Seijas plaintiffs' proposal for publication, the law is well-settled that plaintiffs are responsible for communicating with class members and proving their damages. We will oppose any effort to shift the burden of doing so to the Republic.

Kind Regards,
Dan

---

Daniel J. Northrop
Cleary Gottlieb Steen & Hamilton LLP
Assistant: mhidalgo@cgsh.com
One Liberty Plaza, New York NY 10006
t: +1 212 225 2227 | f: +1 212 225 3999
www.clearygottlieb.com | dnorthrop@cgsh.com

This message is being sent from a law firm and may contain confidential or privileged information. If you are not the
intended recipient, please advise the sender immediately by reply e-mail and delete this message and any
attachments without retaining a copy.

Throughout this communication, "Cleary Gottlieb" and the "firm" refer to Cleary Gottlieb Steen & Hamilton LLP and
its affiliated entities in certain jurisdictions, and the term "offices" includes offices of those affiliated entities.

# EXHIBIT B

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------X

SILVIA SEIJAS, HEATHER M. MUNTON,   :
THOMAS L. PICO ESTRADA,           :

                       :

        Plaintiffs,       :

                       :   04 CV.400(TPG)

        -against-        :

                       :

THE REPUBLIC OF ARGENTINA,      :

                       :

        Defendant.      :

------------------------------------X

### ORDER GRANTING CLASS CERTIFICATION

WHEREAS, the Plaintiffs having made a Motion, pursuant to Rule 23 of the Federal Rules of Civil Procedure, for an Order seeking certification of a class defined as: all holders of Republic of Argentina 11 % Global Bonds due October 9, 2006 ISIN US040114AN02;and

WHEREAS, the Court by Order, on March 31, 2005 having certified the above-referenced action as a class action (the "action") on behalf of the Class;

Now therefore, The Court, having considered all papers and proceedings had herein;

MICROFILM
-12:08 PM
AUG 10 2005

IT IS HEREBY ORDERED THAT:

1. The Court, after due consideration of the Memorandum of Law in Support of Plaintiffs Motion for Class Certification; the Affidavit of Saul Roffe, dated May 27, 2004; the Memorandum of Law in Opposition to Plaintiffs' Motion for Class Certification; the Declaration of Christopher Moore dated March 28, 2005; the Memorandum of Law in Further Support of Plaintiffs Motion for Class Certification; and all transcripts, papers, hearings and filings had herein, finds that the Requirements of Rule 23 of the Federal Rules of Civil Procedure have been satisfied by Plaintiffs; that the Class is so numerous that joinder is impracticable; that there are questions of law or fact common to the Class; that the claims or defenses of the representative parties are typical of the claims or defenses of the Class; that the representative parties will fairly and adequately protect the interests of the Class; that the questions of law or fact common to the members of the Class predominate over any questions affecting only individual members of the Class and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

2. A Class is therefore certified pursuant to Rule 23 (c) on behalf of persons or entities that purchased

2

Republic of Argentina 11% Global Bonds Due October 9, 2006 ISIN US040114AN02 (the "Bonds") prior to January 16, 2004 and held them continuously until the time of final judgment (the "Class"), provided that Counsel and Plaintiffs comply with all laws and rules concerning the payment of costs and expenses and produce new signed retainer agreements in accordance with such laws and rules within 30 days of this Order.  Excluded from the Class are all persons or entities that brought an individual claim to collect on the Bonds and all persons or entities that tendered their Bonds in the exchange offer offered by Defendant pursuant to a Prospectus dated December 27, 2004 and the Prospectus Supplement dated January 10, 2005.

3. The Court hereby appoints Sirota & Sirota LLP, the Law Offices of Guillermo Gleizer and Lovell Stewart Halebian L.L.P. as co-lead counsel ("Class Counsel") in the prosecution of this action pursuant to Rule 23.

DONE AND ORDERED in New York, New York, this 5th day of August, 2005.

Judge Thomas P. Griesa, U.S.D.J.
United States District Court
Southern District of New York

3

# EXHIBIT C

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------------- x

SILVIA SEIJAS, HEATHER M. MUNTON and    :
THOMAS L. PICO ESTRADA,                :   04 Civ. 400 (TPG)
                                              :
                              Plaintiffs,   :
              -against-                :
                                               :
THE REPUBLIC OF ARGENTINA,           :
                                              :
                              Defendant.   :
                                              :

-------------------------------------------------------------------- x

## ORDER WITH RESPECT TO NOTICE

WHEREAS, the Court has certified a Class pursuant to Rule 23(e) of the Federal Rules of Civil Procedure defined as all holders of Republic of Argentina 11% global notes due October 9, 2006 ISIN US04114AN02 who purchased those bonds prior to January 16, 2004 and have held them continuously (the "Class");

WHEREAS, the Plaintiffs have made a motion for the approval of a form of Notice of Pendency.

NOW, therefore, the Court, having considered Plaintiffs' motion;

IT IS HEREBY ORDERED THAT:

1.      On or before thirty (30) days after the date of this Order, Class Counsel shall caused the Notice of Pendency to be given to Members of the Class as follows:

      (a)      a copy of the Notic⌐ substantially in the form annexed hereto as Exhibit A shall be mailed by first class mail, postage prepaid, to (1) all Class Members who can be

identified through reasonable effort, or (2) who respond to the published Summary Notice described below; and

(b)    the Summary Notice substantially in the form annexed hereto as Exhibit B shall be published once in LaNacion and Businesswire on one weekday within ten (10) days of the mailing of the Notice.

2.    Class Counsel shall file with the Court proof, by affidavit, of such publications and mailings.

3.    The Court hereby approves the form of the Notice and the Summary Notice, and finds that the publication, mailing and distribution of such Notices substantially in the manner and form set forth in paragraph 1 of this Order meets the requirements of Rule 23 of the Federal Rules of Civil Procedure and due process, and is the best notice practicable under the circumstances, and shall constitute due and sufficient notice to all persons entitled thereto.

4.    Class Counsel may, in its discretion, designate an Administrator, who may assist in providing notice to the Class.

5.    Class Counsel and/or the Administrator designated by Class Counsel shall mail or cause to be mailed, the Notice to those Members of the Class who can be identified through reasonable effort and to cause the Summary Notice to be published in accordance with the terms of paragraph 1(b) above.

6.    Those persons who file Requests for Exclusion from the Class in accordance with paragraph B of the Notice, pursuant to Rule 23(c) of the Federal Rules of Civil Procedure postmarked no later than ninety (90) days from the initial mailing of the Notice shall

not be deemed Class Members and shall have no rights with respect to the Action, nor be bound

thereby.

        DONE AND ORDERED in New York, New York, this _____ day of

_____, 2007.


                              _____
                              Judge Thomas P. Griesa, U.S.D.J.
                              United States District Court
                              Southern District of New York

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------- x

SILVIA SEIJAS, HEATHER M. MUNTON and : 
THOMAS L. PICO ESTRADA,.                             :          04 Civ. 400 (TPG)

                                                                      :
                                                  Plaintiffs,     :

            -against-                                         :

THE REPUBLIC OF ARGENTINA,                      :

                                                                      :
                                                  Defendant.  :

------------------------------------------------------------- x

## NOTICE OF PENDENCY OF CLASS ACTION

**TO:**   **ALL HOLDERS OF REPUBLIC OF ARGENTINA 11% GLOBAL
NOTES DUE OCTOBER 9, 2006 ISIN US04114AN02 WHO
PURCHASED THOSE BONDS PRIOR TO JANUARY 16, 2004 AND
HAVE HELD THEM CONTINUOUSLY (THE "CLASS").**

This Notice is given pursuant to Rule 23 of the Federal Rules of Civil Procedure and

pursuant to an Order of the United States District Court for the Southern District of New York

(the "Court") entered August 5, 2005, certifying the within action as a class action pursuant to

Rule 23(c)(1) of the Federal Rules of Civil Procedure.

THE PURPOSE OF THIS NOTICE IS TO INFORM YOU OF THIS LAWSUIT SO

THAT YOU CAN MAKE A DECISION AS TO WHETHER YOU SHOULD CHOOSE TO

PARTICIPATE IN THIS CLASS ACTION OR EXCLUDE YOURSELF FROM IT AT THIS

TIME.

This action asserts claims on behalf of the members of the Class against the Republic

of Argentina (the "Republic" or "Defendant") arising out of an alleged breach of contract.  Silvia

Seijas, Heather M. Munton, and Thomas L. Pico Estrada (the "Plaintiffs") are seeking monetary

damages because of the alleged wrongful conduct of Defendant in breaching its contract with

Plaintiffs and the Class by failing to pay interest and/or principal on the Republic of Argentina 11% Global Notes due October 9, 2006 (the "Notes").

THE COURT HAS NOT EXPRESSED ANY OPINION ON THE MERITS OF ANY CLAIM OR DEFENSE, AND THIS NOTICE SHOULD NOT BE CONSTRUED AS SUCH, OR THAT YOU ARE ENTITLED TO ANY RECOVERY.  There is no assurance that a judgment in favor of the Class will be granted.  This notice is intended merely to advise you of the pendency of the action and of your rights with respect to it, including the right to remain a member of the Class or to exclude yourself from the Class.

Pursuant to Rule 23(c) of the Federal Rules of Civil Procedure, members of the Class are hereby given notice as follows:

### STATUTE OF CLASS MEMBERS

The Class includes all persons who purchased the Notes defined above prior to January 16, 2004, **except**:

> (i)  Those purchasers who, for any reason, fail to hold those Notes through the date of judgment or settlement of this class action.

> (ii)  Those purchasers who exclude themselves from the class action by filing a written request for exclusion.  The attached Request for Exclusion Form may be used.

> (iii)  Those purchasers who, as a result of participating in the Republic's Exchange Offer that settled on June 2, 2005, exchanged their non-performing Notes for new performing notes.

If you are a member of the Class, you should understand and carefully consider the following statements and options:

> A.  If you elect to remain in the Class and do not request exclusion, you will be bound by the judgments and orders in this action.  If you wish to be included in the Class as defined, there is no need for you to take any action at this time.  Unless you elect to have

2

individual representation, as described in subparagraph C below, you will be represented by the law firms representing the Plaintiffs.  The law firms representing the Plaintiffs are as follows ("Class Counsel"):

SIROTA & SIROTA LLP
110 Wall Street, 21st Floor
New York, NY 10005
(212) 425-9055

GUILLERMO GLEIZER
6 Beechwood Court
East Hampton, NY 11937
(917) 539-0175

LOVELL STEWART & HALEBIAN
500 Fifth Avenue
New York, NY 10007
(212) 608-1900

PROSKAUER ROSE LLP
1585 Broadway
New York, NY 10036-8299
(212) 969-3000

As a class member, you will be represented by Class Counsel and you will not be charged a fee for the services of Class Counsel; rather, counsel will be paid some portion of whatever money they might ultimately recover for you and other class members, if at all and as allowed by the court.  If you want to be represented by your own lawyer, you may hire one at your own expense.

The class action is seeking recovery of unpaid principal and interest on the Notes identified above.  The class action procedure will require you to submit a claim form at a later date along with proof of your membership in the Class (documents evidencing ownership of the bonds during the relevant time).  As presently contemplated, submission of proper documentation will then entitle you, if the court so decides, to either:  (i) a judgment in an amount based on the unpaid principal and interest owed to you up to the date of judgment, plus prejudgment interest thereon; or (ii) your pro rata share of any classwide recovery.  There is no assurance that you will obtain any benefit from participation in the class action.

There is a significant risk in this lawsuit that a judgment will not be paid. Since the time of the default, Argentina has not paid judgments obtained by bondholders in United States courts. Several creditors have obtained judgments against the Republic, but to date Class Counsel is not aware that any such creditor has recovered any money in enforcement of a judgment.

If you choose to remain in the class action, you <u>must</u> retain your Notes listed above.

B.      You may choose to exclude yourself from the class action at this time. In order to properly exclude yourself, if you have not already done so, your request for exclusion must be postmarked no later than 90 days from the date that you receive this notice. If you exclude yourself from the Class, you will not be affected by any decisions in this action, and you will not be entitled to share in any recovery in this action. If you intend to bring your own lawsuit against the Republic of Argentina, you should exclude yourself from the Class.

For your convenience, an optional form of Request for Exclusion is attached hereto. You are not required to use the attached form to request exclusion, but may instead submit a written request. Requests for exclusion must be mailed to the address provided below, and must be postmarked no later than 90 days from the date that you receive this notice.

Exclusion requests should be sent to:

SIROTA & SIROTA LLP
110 Wall Street, 21st Floor
New York, NY 10005
(212) 425-9055

If you do not request exclusion from the Class, you will be considered a member of the Class until there is further action of the Court. If you do not request exclusion from the Class, eventually you may be bound by the results of this litigation and you will not be able to

4

pursue your own individual legal action against the Republic based upon the claims asserted in the class action.

        C.     Please do not call the Court or the office of the Clerk of the Court for information or advice.  If you have any questions about this Notice, you may consult an attorney of your own choosing or contact Class Counsel.

        Pursuant to Rule 23(c)(1) of the Federal Rules of Civil Procedure, the Court reserves jurisdiction to modify, alter or amend the above-described order maintaining this action as a class action at any time before a final disposition of the matter herein described.

## NOTICE TO BROKERS AND OTHER NOMINEES

        The Court requests all banks, brokerage firms and other nominees for a beneficial owner who held the Notes to promptly forward (and in no event later than 10 days after receipt of this Notice) this Notice or a photocopy thereof to all such beneficial owners.  Upon request by such nominee additional copies of this Notice may be obtained by written request to Sirota & Sirota.  Class Counsel will pay all appropriate costs.

Dated:    New York, New York
              _____, 2007

                                       CLERK,
                                       UNITED STATES DISTRICT COURT
                                       SOUTHERN DISTRICT OF NEW YORK

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------------- x

SILVIA SEIJAS, HEATHER M. MUNTON and       :
THOMAS L. PICO ESTRADA,.                     :       04 Civ. 400 (TPG)

                                   Plaintiffs,        :

             -against-                                :

THE REPUBLIC OF ARGENTINA,                   :

                                   Defendant.         :

                                                      :

---------------------------------------------------------------------- x


## REQUEST FOR EXCLUSION FORM

     I, the undersigned, request to be excluded from the Class certified in the above-

entitled case in accordance with the provisions of the Notice of Pendency of Class Action.

     By signing this form, I understand that I will not be eligible to participate in the

above-referenced lawsuit.

NAME (Print):_____

NAME (Signature):_____

Street Address:_____

City, State, Country, Postal Code:_____

Telephone Number (optional):(_____) _____

Principal Amount Owned of 11% Global Notes Due October 9, 2006 (ISIN No. US040114AN02):

Date(s) of Purchase:_____

6

This completed and signed request for exclusion must be sent to Class Counsel at the following address:

> SIROTA & SIROTA LLP
> 110 Wall Street, 21st Floor
> New York, NY 10005
> (212) 425-9055

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------- x
SILVIA SEIJAS, HEATHER M. MUNTON and            :
THOMAS L. PICO ESTRADA,                         :        04 Civ. 400 (TPG)
                                                :
                                   Plaintiffs,  :
                                                :
           -against-                            :
                                                :
THE REPUBLIC OF ARGENTINA,                      :
                                                :
                                   Defendant.   :
                                                :
-------------------------------------------------------------- x

### SUMMARY NOTICE OF PENDENCY OF CLASS ACTION

TO:    ALL HOLDERS OF REPUBLIC OF ARGENTINA 11% GLOBAL NOTES DUE
       OCTOBER 9, 2006 ISIN US04114AN02 WHO PURCHASED THOSE BONDS
       PRIOR TO JANUARY 16, 2004 AND HAVE HELD THEM CONTINUOUSLY
       (THE "CLASS").

       This is to advise you of the pendency of the above-entitled litigation which has been

certified as a class action against the Republic of Argentina ("Argentina") alleging breach of

contract. The Court has certified a plaintiff class in the litigation which is defined above.

       If you purchased Argentina 11% Global Notes due October 9, 2006 and have not already

received a copy of the printed Notice of Pendency of Class Action, you may obtain it by writing

to: Sirota & Sirota LLP, 110 Wall Street, 21st Floor, New York, New York 10005. Your rights

may be affected by this action.

       DO NOT CONTACT THE CLERK OR THE COURT FOR INFORMATION.

DATED:  _____, 2007


                                          _____
                                          Judge Thomas P. Griesa, U.S.D.J.
                                          United States District Court
                                          Southern District of New York

# EXHIBIT D

Case 1:04-cv-00506-TPG   Document 174   Filed 12/14/15   Page 25 of 37
Case 1:06-cv-15297-TPG   Document 56   Filed 06/06/11   Page 1 of 13
Case 1:06-cv-15297-TPG   Document 52-1   Filed 06/07/11   Page 1 of 13

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------ x

HENRY H. BRECHER, Individually And On
Behalf Of All Others Similarly Situated,

                     Plaintiff,

      v.

REPUBLIC OF ARGENTINA,

                    Defendant.

------------------------------------------------------ x

No. 06 CV 15297 (TPG)

[PROPOSED] ORDER APPROVING
FORM AND MANNER OF CLASS
NOTICE AND REVISED CLASS
DEFINITION

WHEREAS, by Order dated March 27, 2009, this Court certified a Class, pursuant to Fed. R. Civ. P. 23, of current holders of beneficial interests in the Bond issued by the Republic of Argentina with ISIN XS 0113833510, having maturity date of July 20, 2004, and coupon rate of 9.25 percent (the "Bond");

WHEREAS, Plaintiff has made a motion for the approval of a form of Class Notice and manner of notice;

WHEREAS, Plaintiff has also made a motion for the approval of a revised Class definition to reflect events occurring after the Court's certification of a Class;

NOW, therefore, the Court, having considered Plaintiff's motion:

IT IS HEREBY ORDERED that:

1.     The Class definition shall be revised. The Class shall be defined as:

      All current holders of beneficial interests in the Bond who purchased or otherwise acquired the interests prior to December 19, 2006, and who will continue to hold those interests until the date of final judgment.

      **Except:**

      (i)     Those purchasers who participated in either the 2005 or 2010 Exchange Offers;

      (ii)    Those purchasers who, for any other reason, fail to hold those interests through the date of judgment or settlement of this class action;

001783-13 450257 V1

Case 1:04-cv-00506-TPG   Document 174   Filed 12/14/15   Page 26 of 37
Case 1:06-cv-15297-TPG   Document 56   Filed 06/06/11   Page 2 of 13
Case 1:06-cv-15297-TPG   Document 52-1   Filed 06/01/11   Page 2 of 13

(iii)    Those purchasers who have initiated separate proceedings, through individual claims asserted in this Court or through any other dispute resolution mechanism, including arbitration;

(iv)    The Republic of Argentina; and

(v)    Those purchasers who exclude themselves from the Class by filing a written request for exclusion.

The Class includes all such holders of these interests in the Bond worldwide, including holders in Argentina.

2.    On or before sixty (60) days after entry of this Order, Class Counsel shall cause the Class Notice to be provided to members of the Class as follows:

(a)    A copy of the Notice substantially in the form attached hereto as Exhibit A (the "Notice"), shall be mailed via first class mail, postage pre-paid, to (1) all Class Members who can be identified through reasonable effort; (2) a select group of brokers and banks identified by the Claims Administrator; and (3) any persons who respond to the published Summary Notice described below;

(b)    Within sixty (60) days of a Court order approving the form and manner of notice, Plaintiff will also publish the Summary Notice substantially in the form attached as Ex. B to the Proposed Order (the "Summary Notice") in the following media:

(i) *La Nacion*, an Argentine daily newspaper (in Spanish);

(ii) the *Business Wire*, an internet news service (United States, Italy and Argentina circuits);

(iii) on the Depository Trust Corporation Legal Notice System ("LENS"); and

(iv) publication of the Notice on a website devoted specifically to this case and on lead counsel's website.

(c)    Class members will have 90 days from the date the Notice is mailed, pursuant to section (1) above, to exclude themselves from the Class should

Case 1:04-cv-00506-TPG   Document 174   Filed 12/14/15   Page 27 of 37
Case 1:06-cv-15297-TPG   Document 56   Filed 06/06/11   Page 3 of 13
Case 1:06-cv-15297-TPG   Document 52-1   Filed 06/01/11   Page 3 of 13

they choose to do so.  For the convenience of Class members, a Request

for Exclusion Form substantially in the form attached hereto as Ex. C, will

be included with the Class Notice.

3.      Class Counsel shall file with the Court proof, by affidavit of such publications and

mailings.

4.      The Court hereby approves the form of the Class Notice and Summary Notice,

and finds that the publication, mailing, and distribution of such Notices, substantially in the

manner and form set forth in paragraph 1 of this Order, meet the requirements of Rule 23 of the

Federal Rules of Civil Procedure, constitutes the best notice practicable under the circumstances

to members of the Class, are in full compliance with and satisfy the requirements of

constitutional due process, and shall constitute due and sufficient notice to all persons entitled

thereto.

5.      Class Counsel may, in its discretion, designate an Administrator, who may assist

in providing notice to the Class.

6.      Class Counsel, and/or the Administrator designated by Class Counsel, shall mail

or cause to be mailed the Notice in accordance with paragraph 1(a) above, and to cause the

Summary Notice to be published in accordance with the terms of paragraph 1(b) above.

7.      Those persons who file Requests for Exclusion from the Class, in accordance with

paragraph 7 of the Notice and pursuant to Rule 23(c) of the Federal Rules of Civil Procedure and

postmarked no later than ninety (90) days from the initial mailing of the Notice, shall not be

deemed Class Members and shall have no rights with respect to the Action, nor be bound

thereby.

DONE AND ORDERED in New York, New York, this ___ day of _June_ , 2011.

_Thomas P. Griesa_

Judge Thomas P. Griesa
United States District Court
Southern District of New York

001783-13 450257 V1

Case 1:04-cv-00506-TPG   Document 174   Filed 12/14/15   Page 28 of 37
Case 1:06-cv-15297-TPG   Document 56   Filed 06/06/11   Page 4 of 13
Case 1:06-cv-15297-TPG   Document 52-1   Filed 06/01/11   Page 4 of 13

# EXHIBIT A

Case 1:04-cv-00506-TPG   Document 174   Filed 12/14/15   Page 29 of 37
Case 1:06-cv-15297-TPG   Document 56   Filed 06/06/11   Page 5 of 13
Case 1:06-cv-15297-TPG   Document 52-1   Filed 06/01/11   Page 5 of 13

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------- x
HENRY H. BRECHER, Individually And On
Behalf Of All Others Similarly Situated,

                              Plaintiff,

    v.

REPUBLIC OF ARGENTINA,

                            Defendant.

-------------------------------------------------------- x

No. 06 CV 15297 (TPG)

NOTICE OF PENDENCY OF CLASS
ACTION

TO:    **ALL HOLDERS OF BENEFICIAL INTERESTS IN THE BOND ISSUED BY THE
REPUBLIC OF ARGENTINA, WITH ISIN XS 0113833510, DUE JULY 20, 2004,
AND A COUPON RATE OF 9.25 PERCENT (THE "BOND") WHO PURCHASED
OR OTHERWISE ACQUIRED THOSE INTERESTS PRIOR TO DECEMBER 19,
2006, AND HAVE HELD THEM CONTINUOUSLY (THE "CLASS")**

**IF YOU ARE A HOLDER OF BENEFICIAL INTERESTS
IN THE BOND LISTED ABOVE,
PLEASE READ THIS NOTICE CAREFULLY –
YOUR RIGHTS MAY BE AFFECTED.**

THE PURPOSE OF THIS NOTICE IS TO INFORM YOU OF THIS LAWSUIT SO THAT
YOU CAN MAKE A DECISION AS TO WHETHER YOU SHOULD CHOOSE TO
PARTICIPATE IN THIS CLASS ACTION OR EXCLUDE YOURSELF FROM IT AT THIS
TIME.  IF YOU ACCEPTED EITHER OF THE EXCHANGE OFFERS DESCRIBED BELOW,
YOU ARE <u>NOT</u> ABLE TO PARTICIPATE IN THE LAWSUIT.

**SPECIAL NOTICE TO SECURITIES BROKERS AND OTHER NOMINEES:**
If you hold interests in the Bond as a nominee for a beneficial owner who is a member of the
Class, then within ten (10) days after you receive this Notice, you must either:  (1) mail copies of
this Notice by first-class mail to each such beneficial owner; or (2) send a list of the names and
addresses of such beneficial owners to:

    Gilardi & Co., LLC
    P.O. Box 808003
    Petaluma, CA 94975-8003
    Phone: (866) 281-2976
    Website: www.gilardi.com

This Notice is not an expression by the Court of any opinion as to the merits of any of the claims
or defenses asserted by either side in this case.  There is no assurance that a judgment in favor of
the Class will be granted.  This Notice is intended merely to advise you of the pendency of the
action and of your rights with respect to it, including the right to remain a member of the Class or
to exclude yourself from the Class.

    Additional copies of this Notice may be found at the website of lead Class Counsel
    at www.hbsslaw.com or at the website of Gilardi & Co., www.gilardi.com /[TBD]

001783-13 450254 V1

Case 1:04-cv-00506-TPG   Document 174   Filed 12/14/15   Page 30 of 37
Case 1:06-cv-15297-TPG   Document 56   Filed 06/06/11   Page 6 of 13
Case 1:06-cv-15297-TPG   Document 52-1   Filed 06/01/11   Page 6 of 13

1.    **Why should I read this notice?**

A Class has been certified by the Court in this case. The Class consists of all persons who on or before December 19, 2006, purchased or otherwise acquired beneficial interests in the Bond series described above and will continue to hold those interests through the date of final judgment. The Class is described in more detail below. You are or may become a member of the Class. You may be entitled to participate in any benefits that may eventually be obtained for the Class as a result of this lawsuit.

If you participated in either of the Exchange Offers described below, you are automatically excluded from the lawsuit described in this Notice.

This Notice provides a summary of what the lawsuit is about, as well as describing who is eligible to be included in the Class and the effect of participating in this class action.

2.    **What is this lawsuit about?**

This lawsuit was filed in the United States District Court for the Southern District of New York by Henry H. Brecher, an individual who owns beneficial interests in the Bond described above. Henry H. Brecher has been appointed by the Court as the Class Representative. This lawsuit alleges that on or about December 23, 2001, the Republic of Argentina ("Republic" or "Argentina") in breach of its express promise to pay principal and interest, declared a moratorium on the payment of principal and interest with respect to all of its foreign debt. Following that declaration, the Republic has failed to make any payment of principal or interest to any holders of beneficial interests in the Bond, which the Republic admits. The complaint in the case alleges that Argentina's default is a breach of contract. The lawsuit, which has been certified as a class action, seeks to recover unpaid interest for holders of beneficial interests in the Bond, plus prejudgment interest, from the date each interest payment should have been made. The Court has made no ruling on the merits of the claims in the lawsuit, but has determined in previous actions that the Republic's failure to pay principal and interest on similar bonds was a breach of contract.

3.    **What if I participated in an exchange offer for my interests in these Bonds?**

The Republic has made two previous exchange offers – the first pursuant to a Prospectus dated December 27, 2004, and the Prospectus Supplement dated January 10, 2005 (the "2005 Exchange Offer"), and the second pursuant to a Prospectus dated April 13, 2010 and a Prospectus Supplement dated April 28, 2010 (the "2010 Exchange Offer"). In both the 2005 and 2010 Exchange Offers, interests in non-performing Republic-issued Bonds, including the Bond which is the subject of this lawsuit, were exchanged for new performing debt. If you participated in the Republic's 2005 or 2010 Exchange Offers, and exchanged interests in the non-performing Bonds for new interests in performing debt, you are not eligible to be a Class member.

4.    **Who is a class member?**

A.    **The Certified Class.**

The following people are members of the Class:

All current holders of beneficial interests in the Bond who purchased or otherwise acquired the interests prior to December 19, 2006, and who will continue to hold those interests until the date of final judgment.

001783-13  450254 V1

Case 1:04-cv-00506-TPG   Document 174   Filed 12/14/15   Page 31 of 37
Case 1:06-cv-15297-TPG   Document 56   Filed 06/06/11   Page 7 of 13
Case 1:06-cv-15297-TPG   Document 52-1   Filed 06/01/11   Page 7 of 13

**Except:**

(i)     Those purchasers who participated in either the 2005 or 2010 Exchange Offers;

(ii)    Those purchasers who, for any other reason, fail to hold those interests through the date of judgment or settlement of this class action;

(iii)   Those purchasers who have initiated separate proceedings, through individual claims asserted in this Court or through any other dispute resolution mechanism, including arbitration;

(iv)    The Republic of Argentina; and

(v)     Those purchasers who exclude themselves from the Class by filing a written request for exclusion.

The Class includes all such holders of these interests in the Bond worldwide, including holders in Argentina.

**B.     The Effect of Membership in the Class.**

Persons who fall within the definition of class membership and do not exclude themselves from the Class may be bound by the results of this litigation and may be eligible to participate in any benefit that may be obtained for Class members as a result of this litigation. Participation in the 2005 or 2010 Exchange Offers automatically excludes you from the class action.

The class action seeks recovery of unpaid interest on the Bond identified above. The class action procedure will require you to submit a claim form, at a later date, with proof of your membership in the Class (documents evidencing continuous ownership of beneficial interests in the Bond during the relevant time). As presently contemplated, submission of proper documentation will then entitle you, if the Court so decides, to either: (1) a judgment in an amount based on the unpaid interest owed to you up to the date of judgment, plus pre-judgment interest thereon; or (ii) your pro rata share of any class-wide recovery. There is no assurance that you will obtain any benefit from participation in the class action.

There is a significant risk in this lawsuit that a judgment will not be paid. Since the time of the default, Argentina has not paid judgments obtained by holders of beneficial interests in United States courts. Several creditors have obtained judgments against Argentina, but to date Plaintiff's Counsel is not aware that any such creditor has recovered any money in enforcement of a judgment.

If you choose to remain in the class action, you <u>must</u> retain your interest in the Bond identified above (but you may exchange interests in <u>other</u> bonds if you so choose). If you participate in the class action, you may be left with a Bond that might ultimately be deemed unmarketable or worthless.

Case 1:04-cv-00506-TPG   Document 174   Filed 12/14/15   Page 32 of 37
Case 1:06-cv-15297-TPG   Document 56   Filed 06/06/11   Page 8 of 13
Case 1:06-cv-15297-TPG   Document 52-1   Filed 06/01/11   Page 8 of 13

**5.     How Do I Contact the Class Administrator?**

The Class Administrator is:

Gilardi & Co., LLC
P.O. Box 808003
Petaluma, CA  94975-8003
Phone:  (866) 281-2976
Website: www.gilardi.com

**6.     Who Represents the Class?**

Plaintiff's Counsel, who represent the Class in this lawsuit, are Steve W. Berman and
Jeniphr A.E. Breckenridge, Hagens Berman Sobol Shapiro, LLP, 1918 Eighth Avenue, Suite
3300, Seattle, Washington  98101, ArgentinaBondLitigation@hbsslaw.com.

**7.     What Are My Rights and Options?**

You may choose to exclude yourself from the class action at this time.

*If you did not participate in the 2005 or 2010 Exchange Offers and have not brought
any other claim related to your interests in the Bond, but you want to exclude yourself from
the class action, you must make a request in writing.* In order to be valid, your request for
exclusion must (i) set forth the name and address of the person or entity requesting exclusion,
(ii) state that such person or entity requests exclusion from the Class in this action, and (iii) be
signed and dated by such person or entity. For your convenience, an optional form of Request
for Exclusion is attached hereto. You are not required to use the attached form to request
exclusion, but may instead submit a written request. Requests for exclusion must be postmarked
no later than 90 days from the date this Notice was initially mailed, or no later than _____.
Requests for exclusion must be mailed to the address provided below.

Do not request exclusion if you wish to participate in this lawsuit as a Class member. If
you exclude yourself from the Class, you will not be affected by any decisions in this action, and
you will not be entitled to share in any recovery in this action. If you intend to bring your own
lawsuit against the Republic of Argentina, you should exclude yourself from the Class.

You also do not need to request exclusion if:

(i)     You participated in the 2005 or 2010 Exchange Offers.

(ii)    You have initiated separate proceedings, through individual claims asserted in this
        Court or through any other dispute resolution mechanism, including arbitration.

If you have done either of these, you will be automatically excluded from this class action.

Exclusion requests should be sent to:

*Brecher v. The Republic of Argentina*
c/o Hagens Berman Sobol Shapiro LLP
P.O. Box _____
Seattle, Washington 98101

Case 1:04-cv-00506-TPG   Document 174   Filed 12/14/15   Page 33 of 37
Case 1:06-cv-15297-TPG   Document 56   Filed 06/06/11   Page 9 of 13
Case 1:06-cv-15297-TPG   Document 52-1   Filed 06/01/11   Page 9 of 13

If you do not request exclusion from the Class and do not meet the requirements for automatic exclusion, you will be considered a member of the Class until there is further action of the Court. If you do not request exclusion from the Class, eventually you may be bound by the results of this litigation and you will not be able to pursue your own individual legal action against the Republic based upon the claims asserted in the class action. As a Class member, you will be represented by Plaintiff's Counsel and you will not be charged a fee for the services of Class Counsel; rather, counsel will be paid some portion of whatever money they might ultimately recover for you and other Class members, if at all and as allowed by the Court. If you want to be represented by your own lawyer, you may hire one at your own expense.

This Notice does not fully describe all of the claims and contentions of the parties. The pleadings and other papers filed in this action are available for inspection, during business hours, at the United States District Court, 500 Pearl Street, New York, New York.

Please do not contact the Clerk or the Court for information related to this lawsuit. If you want additional information, you may contact Class Counsel identified above.

Dated: New York, New York

_____ ___, 2011

BY ORDER OF THE
UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

001783-13 450254 V1

Case 1:04-cv-00506-TPG   Document 174   Filed 12/14/15   Page 34 of 37
Case 1:06-cv-15297-TPG   Document 56   Filed 06/06/11   Page 10 of 13
Case 1:06-cv-15297-TPG   Document 52-1   Filed 06/01/11   Page 10 of 13

**EXHIBIT B**

Case 1:04-cv-00506-TPG   Document 174   Filed 12/14/15   Page 35 of 37
Case 1:06-cv-15297-TPG   Document 56   Filed 06/06/11   Page 11 of 13
Case 1:06-cv-15297-TPG   Document 52-1   Filed 06/01/11   Page 11 of 13

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------- x
HENRY H. BRECHER, Individually And On      .
Behalf Of All Others Similarly Situated,        .      No. 06 CV 15297 (TPG)
                                                .
                          Plaintiff,            .      SUMMARY NOTICE OF PENDENCY
                                                .      OF CLASS ACTION
          v.                                    .
                                                .
REPUBLIC OF ARGENTINA,                          .
                                                .
                          Defendant.            .
------------------------------------------------------- x

**TO:**  **ALL HOLDERS OF BENEFICIAL INTERESTS IN THE BOND ISSUED BY THE REPUBLIC OF ARGENTINA, WITH ISIN XS 0113833510, DUE JULY 20, 2004, AND A COUPON RATE OF 9.25 PERCENT WHO PURCHASED OR OTHERWISE ACQUIRED THOSE INTERESTS PRIOR TO DECEMBER 19, 2006, AND HAVE HELD THEM CONTINUOUSLY (THE "CLASS")**

This is to advise you of the pendency of the above-entitled litigation which has been certified as a class action against the Republic of Argentina ("Argentina") alleging breach of contract. The Court has certified a plaintiff class in the litigation which is defined above.

If you purchased or otherwise acquired beneficial interests in Argentina 9.25% Global Notes due July 20, 2004, and have not already received a copy of the printed Notice of Pendency of Class Action, you may obtain it by writing to: Gilardi & Co., LLC, P.O. Box 808003, Petaluma, California 94975-8003, or ArgentinaBondLitigation@hbsslaw.com. Your rights may be affected by this action.

DO NOT CONTACT THE CLERK OR THE COURT FOR INFORMATION.

DATED: _June 3_____, 2011.

_____
Judge Thomas P. Griesa, U.S.D.J.
United States District Court
Southern District of New York

- 1 -

001783-13  396099 V1

Case 1:04-cv-00506-TPG   Document 174   Filed 12/14/15   Page 36 of 37
Case 1:06-cv-15297-TPG   Document 56   Filed 06/06/11   Page 12 of 13
Case 1:06-cv-15297-TPG   Document 52-1   Filed 06/01/11   Page 12 of 13

**EXHIBIT C**

Case 1:04-cv-00506-TPG   Document 174   Filed 12/14/15   Page 37 of 37
Case 1:06-cv-15297-TPG   Document 56   Filed 06/06/11   Page 13 of 13
Case 1:06-cv-15297-TPG   Document 52-1   Filed 06/01/11   Page 13 of 13

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- x
HENRY H. BRECHER, Individually And On          .
Behalf Of All Others Similarly Situated,        .          No. 06 CV 15297 (TPG)
                                                .
                              Plaintiff,        .          REQUEST FOR EXCLUSION FORM
                                                .
        v.                                      .
                                                .
REPUBLIC OF ARGENTINA,                          .
                                                .
                              Defendant.        .
------------------------------------------------------------- x

        I, the undersigned, request to be excluded from the Class certified in the above-entitled

case in accordance with the provisions of the Notice of Pendency of Class Action.

        I state that I own beneficial interest(s) in _____.

        By signing this form, I understand that I will not be eligible to participate in the above-

referenced lawsuit.

NAME (Print): _____

NAME (Signature): _____

Street Address: _____

City, State, Country, Postal Code: _____

Telephone Number, include area code (optional): _____

Principal Amount Owned: _____

Date(s) of Purchase: _____

        This completed and signed request for exclusion must be sent to the Class Administrator

at the following address:

                        *Brecher v. Republic of Argentina*

                        [TBD]

001783-13  397352 V1