UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
| | | |
|---|---|---|
| SILVIA SEIJAS, et al, | : | 04 Civ. 400 (TPG) |
| Plaintiffs, | : | |
| -against- | : | |
| | : | |
| THE REPUBLIC OF ARGENTINA, | : | |
| Defendant. | : | |

------------------------------------------------------------------------x
| | | |
|---|---|---|
| SILVIA SEIJAS, et al, | : | 04 Civ. 401 (TPG) |
| Plaintiffs, | : | |
| -against- | : | |
| | : | |
| THE REPUBLIC OF ARGENTINA, | : | |
| Defendant. | : | |

------------------------------------------------------------------------x
| | | |
|---|---|---|
| CESAR RAUL CASTRO, | : | 04 Civ. 506 (TPG) |
| Plaintiff, | : | |
| -against- | : | |
| | : | |
| THE REPUBLIC OF ARGENTINA, | : | |
| Defendant. | : | |

------------------------------------------------------------------------x
| | | |
|---|---|---|
| HICKORY SECURITIES LTD., | : | 04 Civ. 936 (TPG) |
| Plaintiff, | : | |
| -against- | : | |
| | : | |
| THE REPUBLIC OF ARGENTINA, | : | |
| Defendant. | : | |

------------------------------------------------------------------------x

**DECLARATION OF JENNIFER R. SCULLION
IN SUPPORT OF
<u>MOTION FOR PRELIMINARY APPROVAL OF SETTLEMENT</u>**

```
-----------------------------------------------------------------X
ELIZABETH ANDREA AZZA, et al,            :    04 Civ. 937 (TPG)
                        Plaintiffs,       :
        -against-                         :
                                          :
THE REPUBLIC OF ARGENTINA,                :
                        Defendant.        :
-----------------------------------------------------------------x
ELIZABETH ANDREA AZZA, et al.,           :    04 Civ. 1085 (TPG)
                        Plaintiffs,       :
        -against-                         :
                                          :
THE REPUBLIC OF ARGENTINA,                :
                        Defendant.        :
-----------------------------------------------------------------
EDUARDO PURICELLI,                        x
                        Plaintiff,        :    04 Civ. 2117 (TPG)
        -against-                         :
                                          :
THE REPUBLIC OF ARGENTINA,                :
                        Defendant.        :
-----------------------------------------------------------------:
RUBEN DANIEL CHORNY,                      x
                        Plaintiff,        :    04 Civ. 2118 (TPG)
        -against-                         :
                                          :
THE REPUBLIC OF ARGENTINA,                :
                        Defendant.        :
                                          :
-----------------------------------------------------------------x
```

JENNIFER R. SCULLION declares, pursuant to 28 U.S.C. § 1746, as follows:

1. I am a partner at Proskauer Rose LLP, co-lead counsel to the eight Plaintiff Classes in the above-captioned cases. I make this declaration in support of the Plaintiffs' motion for preliminary approval of the settlement reached with the Republic of Argentina. Unless otherwise noted, I make this declaration based on my personal knowledge and without waiver of any applicable privilege.

2. Over the course of the roughly twelve years of litigation, the Plaintiffs and Argentina engaged in multiple rounds of discovery in connection with class certification, assessment of the size of the classes, and potential avenues for the classes to collect against Argentina. This discovery included depositions of multiple class representatives, document and data exchanges, and requests for non-party discovery.

3. Following the Second Circuit's August 2015 remand, the parties once again engaged in fact discovery, including letters rogatory issued to foreign institutions. The Court also ordered the parties to publish a request that class members submit Proofs of Claim to be used as evidence to support an estimate of class-wide damages. Plaintiffs also retained an expert, Scott Hakala, to prepare a revised damages estimate.

4. While the classes were in the midst of gathering evidence concerning damages, Argentina elected a new government. The new government announced an offer to buy-out all bondholders. Bondholders that had pari passu injunctions could tender their bonds in exchange for payment of 70% of their claim value (72.5% if they tendered during the "early bird" period). Bondholders that did not yet have pari passu injunctions were offered 150% of the principal amount of their bonds. The offers were contingent on, among other things, the Court vacating the existing pari passu injunctions.

5. After the order vacating the pari passu injunctions became final and Argentina had returned to the world credit markets, Plaintiffs, through Class Counsel, again sought to negotiate a settlement with Argentina. Through arm's-length negotiations, including consultation with Special Master Pollack, the Plaintiffs and Argentina reached a settlement-in-principle on May 6, 2016. The essential terms of that agreement-in-principle were that Class Members would be entitled to a settlement payment equal to 150% of their outstanding principal

Class Bond holdings, less a pro rata share of class counsel fees and expenses (to be approved by the Court), and that Argentina would pay up to an additional $40,000 towards the actual costs of providing notice of the settlement and for claims processing.

6. As initially agreed, the proposed settlement was to be an "opt-in" settlement such that Class Members could choose to continue suing Argentina individually if they thought they could obtain a better recovery. However, the parties ultimately agreed on a class-wide structure for the settlement instead, because the "opt-in" format would have left class members exposed to an unacceptable risk of "free riding."

7. Specifically, the parties could not agree on a mechanism that would prevent class members who did not "opt in" to the class settlement from settling directly with Argentina after the class settlement and, thereby, avoid their pro rata share of class counsel fees and expenses for any settlement amount up to the 150% of principal figure. If class members who did not opt in were able to do so, they would effectively "free ride" on the class members who did opt in to the settlement. Thus, the parties ultimately agreed to a class-wide settlement structure under which 1) Class Members will have ample opportunity to submit a claim for the 150% of principal payment; 2) all such Class Members will bear a pro rata share of the class counsel fees and expenses approved by the Court (to be paid from the settlement payment itself); and 3) final judgment dismissing all claims with prejudice will be entered as to all Class Members who have not previously opted out.

8. Through additional negotiations, the parties have now agreed on a final proposed settlement agreement that minimizes the risk of unfair free-riding on the classes. The final Settlement Agreement was reached the morning of May 23, 2016 and is attached hereto as **Exhibit A**.

9. The proposed plan for providing notice to class members of the proposed settlement is attached hereto as **Exhibit B**.

10. The proposed form of Notice to class members is attached hereto as **Exhibit C**.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 23rd day of May, 2016, in New York, New York.

/s/ Jennifer R. Scullion<br>Jennifer R. Scullion