# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
SILVIA SEIJAS, et al,                                  :        04 Civ. 400 (TPG)
                                    Plaintiffs,        :
            -against-                                  :
                                                       :
THE REPUBLIC OF ARGENTINA,                             :
                                    Defendant.         :
------------------------------------------------------------x
SILVIA SEIJAS, et al,                                  :        04 Civ. 401 (TPG)
                                    Plaintiffs,        :
            -against-                                  :
                                                       :
THE REPUBLIC OF ARGENTINA,                             :
                                    Defendant.         :
------------------------------------------------------------x
CESAR RAUL CASTRO,                                     :        04 Civ. 506 (TPG)
                                    Plaintiff,         :
            -against-                                  :
                                                       :
THE REPUBLIC OF ARGENTINA,                             :
                                    Defendant.         :
------------------------------------------------------------x
HICKORY SECURITIES LTD.,                               :        04 Civ. 936 (TPG)
                                    Plaintiff,         :
            -against-                                  :
                                                       :
THE REPUBLIC OF ARGENTINA,                             :
                                    Defendant.         :
------------------------------------------------------------x

## SETTLEMENT AGREEMENT BETWEEN PLAINTIFFS AND DEFENDANT THE REPUBLIC OF ARGENTINA

```
---------------------------------------------------X
ELIZABETH ANDREA AZZA, et al,          .       04 Civ. 937 (TPG)
                          Plaintiffs,  :
            -against-                  :
THE REPUBLIC OF ARGENTINA,             :
                          Defendant.   :
---------------------------------------------------x
ELIZABETH ANDREA AZZA, et al.,         :       04 Civ. 1085 (TPG)
                          Plaintiffs,  :
            -against-                  :
THE REPUBLIC OF ARGENTINA,             :
                          Defendant.   :
------------------------------------------------
EDUARDO PURICELLI,                     x
                          Plaintiff,   :       04 Civ. 2117 (TPG)
            -against-                  :
THE REPUBLIC OF ARGENTINA,             :
                          Defendant.   :
------------------------------------------------:
RUBEN DANIEL CHORNY,                   x
                          Plaintiff,   :       04 Civ. 2118 (TPG)
            -against-                  :
THE REPUBLIC OF ARGENTINA,             :
                          Defendant.   :
                                       :
---------------------------------------------------x
```

## SETTLEMENT AGREEMENT BETWEEN PLAINTIFFS AND DEFENDANT THE REPUBLIC OF ARGENTINA

This Settlement Agreement ("Agreement") is made and entered into this 23rd day of May, 2016 (the "Execution Date"), by and between defendant The Republic of Argentina ("Argentina" or "Settling Defendant") and Plaintiffs in the above-captioned actions ("Plaintiffs"), each on their own behalf and on behalf of the Classes as defined in Paragraph 3.

WHEREAS, Argentina issued certain bonds (the "Bonds"), as defined in Paragraph 2;

WHEREAS, Plaintiffs and members of the Classes purchased portions of the Bonds;

2

WHEREAS, on or about December 23, 2001, Argentina declared a moratorium on the payment of all principal and interest with respect to its external foreign debt, including, but not limited to, all payments due under the Bonds;

WHEREAS, in 2004, Plaintiffs initiated these actions in the Southern District of New York (as defined in Paragraph 1), seeking to enforce their rights with respect to the portions of the Bonds they hold;

WHEREAS, the Actions have been pursued by Plaintiffs on their own behalf and on behalf of all of those who continuously held the Bonds from the filing of the Actions through final judgment;

WHEREAS, over a period of time, the Plaintiffs and Argentina, through their counsel and with the assistance of the Special Master (Daniel A Pollack, Esq.) appointed by the Court, engaged in good faith, arm's-length settlement negotiations relating to the claims and the Actions, with the settlement evidenced by this Agreement being the product and result of those negotiations, discovery, and analysis by counsel knowledgeable and experienced in class action litigation (the "Settlement"); and

WHEREAS, Plaintiffs, through counsel, have conducted an investigation into the facts and the law regarding the Actions and have concluded that the Settlement with Argentina according to the terms set forth below is fair, reasonable, and adequate, and beneficial to and in the best interests of the Plaintiffs and the Classes;

NOW, THEREFORE, in consideration of the covenants, agreements, and releases set forth herein, and for other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, it is agreed by and among the undersigned that the Actions be settled, compromised, and dismissed on the merits with prejudice as to the Class Members, as defined in

Paragraph 4, Argentina, and the Settling Defendant Releasees, as defined in Paragraph 15, subject to the approval of the Court, on the following terms and conditions:

A.   **Definitions**

The following terms, as used in this Agreement, have the following meanings:

1.   "Actions" means and refers to the following actions pending in the United States District Court for the Southern District of New York

| | | |
|---|---|---|
| SILVIA SEIJAS, et al, v. | : | 04 Civ. 400 (TPG) |
| Plaintiffs, | : | |
| -against- | : | |
| | : | |
| THE REPUBLIC OF ARGENTINA, | : | |
| Defendant. | : | |
| ----------------------------------------------------------------x | | |
| SILVIA SEIJAS, et al, | : | 04 Civ. 401 (TPG) |
| Plaintiffs, | : | |
| -against- | : | |
| | : | |
| THE REPUBLIC OF ARGENTINA, | : | |
| Defendant. | : | |
| ----------------------------------------------------------------x | | |
| CESAR RAUL CASTRO, | : | 04 Civ. 506 (TPG) |
| Plaintiff, | : | |
| -against- | : | |
| | : | |
| THE REPUBLIC OF ARGENTINA, | : | |
| Defendant. | : | |
| ----------------------------------------------------------------x | | |
| HICKORY SECURITIES LTD., | : | 04 Civ. 936 (TPG) |
| Plaintiff, | : | |
| -against- | : | |
| | : | |
| THE REPUBLIC OF ARGENTINA, | : | |
| Defendant. | : | |
| ----------------------------------------------------------------X | | |
| ELIZABETH ANDREA AZZA, et al, | . | 04 Civ. 937 (TPG) |
| Plaintiffs, | : | |
| -against- | : | |
| THE REPUBLIC OF ARGENTINA, | : | |

Defendant.     :

--------------------------------------------------------------x

ELIZABETH ANDREA AZZA, et al.,                                    04 Civ. 1085 (TPG)

Plaintiffs,     :

       -against-                                                    :
                                                                 :
THE REPUBLIC OF ARGENTINA,                                       :

Defendant.     :

----------------------------------------------------------

EDUARDO PURICELLI,                                      x

Plaintiff,     :          04 Civ. 2117 (TPG)

       -against-                                    :
                                                        :
THE REPUBLIC OF ARGENTINA,                             :

Defendant.     :

----------------------------------------------------------:

RUBEN DANIEL CHORNY,                                    X

Plaintiff,     :          04 Civ. 2118 (TPG)

       -against-                                    :
                                                        :
THE REPUBLIC OF ARGENTINA,                             :

Defendant.     :
                                                        :

2.      "Bonds" means beneficial interests in any of the following bonds:

Republic of Argentina 11% Global Notes due October 9, 2006,        US040114AN02

Republic of Argentina 7% Global Notes due December 19, 2008        US040114GF14

Republic of Argentina 9.75% Global Notes Due September 19, 2027, US040114AV28

Republic of Argentina 11.75% Global Notes Due June 15, 2015, US040114GA27

Republic of Argentina 11% Global Notes Due December 5, 2005, US040114AZ32

Republic of Argentina 8.375% Global Notes Due December 20, 2003, US040114AH34

Republic of Argentina 12.375% Global Notes Due February 21, 2012, US040114GD65

Republic of Argentina Floating Rate L+0.8125 Global Notes Due March 2005,

XS0043120582

3.      "Class" means all persons and/or entities who, from the Start Date shown below

through final judgment continuously held the Bonds, and who have not been a party to legal

5

proceedings against Argentina in connection with the Bonds other than the Action and have not

otherwise opted out from the Action.

| Description | ISIN Number | Starting Date |
|---|---|---|
| Republic of Argentina 11% Global Notes due October 9, 2006, | US040114AN02 | January 16, 2004 |
| Republic of Argentina 7% Global Notes due December 19, 2008 | US040114GF14 | January 16, 2004 |
| Republic of Argentina 9.75% Global Notes Due September 19, 2027 | US040114AV28 | January 22, 2004 |
| Republic of Argentina 11.75% Global Notes Due June 15, 2015 | US040114GA27 | February 4, 2004 |
| Republic of Argentina 11% Global Notes Due December 5, 2005 | US040114AZ32 | February 4, 2004 |
| Republic of Argentina 8.375% Global Notes Due December 20, 2003 | US040114AH34 | February 10, 2004 |
| Republic of Argentina 12.375% Global Notes Due February 21, 2012 | US040114GD65 | March 17, 2004 |
| Republic of Argentina Floating Rate L+0.8125 Global Notes Due March 2005 | XS0043120582 | March 17, 2004 |

4.     "Class Member" means each member of the Class.

5.     "Class Counsel" shall refer to the law firms of Proskauer Rose, Diaz Reus & Targ, and the Law Office of Saul Roffe.

6.     "Counsel" means both Class Counsel and Settling Defendant's Counsel, as defined in Paragraphs 5 and 14.

7.     "Class Notice" means the notice of the Settlement and of the date of the hearing scheduled by the Court to consider the fairness, adequacy, and reasonableness of this Agreement to be provided to the Class pursuant to Paragraph 51 below.

8.     "District Court Rule 23 Approval" shall mean the District Court's entry of an order, pursuant to Rule 23 of the Federal Rules of Civil Procedure, finding that the Settlement is fair, reasonable, and adequate and, therefore, should be approved by the Court.

9.     "Escrow Agent" means the escrow agent who manages the escrow account established pursuant to Paragraph 25.

10.     "Fairness Hearing" means the hearing at or after which the Court will make a final decision pursuant to Rule 23 of the Federal Rules of Civil Procedure as to whether the Settlement is fair, reasonable, and adequate and, therefore, should receive approval from the Court.

11.     "Final Approval" shall have the meaning ascribed to it in Paragraph 43 of this Agreement.

12.     "Payment Date" shall have the meaning ascribed to it in Paragraph 25 of this Agreement.

13.     "Plaintiffs" means the individuals and entities named as class representatives in the above-captioned cases.

14.     "Settling Defendant's Counsel" shall refer to the law firm of Cleary Gottlieb Steen & Hamilton LLP.

15.     "Settling Defendant Releasee" shall refer, jointly and severally, and individually and collectively, to Argentina, its political subdivisions, agencies, or instrumentalities, as defined in the Foreign Sovereign Immunities Act of 1976, and the past and present officials, directors, employees, agents, insurers, attorneys, partners, associates, members, volunteers, and representatives of any of the foregoing, as well as the predecessors, successors, heirs, executors, administrators, and assigns of each of the foregoing as applicable to each of these persons or entities.

16.     "Releasors" shall refer jointly and severally and individually to the Plaintiffs, the Class Members, and to each of their respective past and present officers, directors, managers, parents, subsidiaries, affiliates, partners, shareholders or other equity interest holders, and insurers, and to the predecessors, successors, heirs, executors, administrators, and assigns of each of the foregoing, and anyone claiming by, for, under or through them, including, but not limited to, anyone claiming for or through them in any representative action, or class action.

17.     "Settling Parties" means, collectively, the Settling Defendant and the Plaintiffs, individually, and each Class Member.

**B.      Class Certification**

18.     The Settling Parties agree that the class definition previously certified by the Court shall remain the class definition for purposes of this Settlement.

**C.      Settlement Consideration**

19.     In exchange for the mutual promises and covenants in this Agreement, including without limitation, the Releases set forth in Paragraphs 44-47 below and dismissal with prejudice of the Action as against the Settling Defendant, the Settling Parties agree as follows:

20.     Argentina shall pay to the Escrow Agent 150% of the outstanding principal amount of the Bonds owned and delivered for cancellation by any Class Member, as set forth in Paragraph [22] of this Agreement (the "Settlement Amount"). The Settlement Amount for any bonds issued in U.S. Dollars shall be paid by Argentina in U.S Dollars.  The Settlement Amount for any bonds issued in Euros shall be paid by Argentina in U.S. Dollars at the average of the exchange rate on Bloomberg for U.S. Dollars and Euros between 14:30-15:00 New York time three business days prior to the Payment Date.

21.     Wholly apart, and in addition to, the Settlement Amount, Argentina shall pay up to $40,000 in actual costs associated with the provision of notice to the Class and the administration of claims of Class Members (the "Notice Fund").

22.     In order to be entitled to a portion of the Settlement Amount, each Class Member will be required to provide to Class Counsel sufficient documentation to demonstrate that such person satisfies the Class definition. Such documentation must demonstrate that such person or entity held its Bonds prior to the relevant Start Date, and has continuously held the Bonds. Class Members also shall be required to transfer their Bonds to the Escrow Agent at least seven days prior to the Payment Date.

23.     For purposes of this Agreement, the requirement that a Class Member continuously hold the Bonds is satisfied if such Bonds were transferred within a family, and the Class Member can establish legal entitlement to the Bonds as a result of such intra-family transfers. Transfers among different brokerage or bank accounts held by or in the name of the same entity or individual (or members of the same family) shall not render a holding non-continuous.

24.     Class Counsel shall have the authority to select a claims administrator. Class Counsel, and any claims administrator selected by Class Counsel, shall have sole authority, subject to any good faith objection by Argentina, as set forth above, to determine whether a person who submitted a claim is a member of the Class. In determining whether a person is a member of the Class, at a minimum, Class Counsel shall require formal documentation establishing the date a Class Member purchased its Bonds, an attestation that such Class Member has held its Bonds continuously during the Class Period, and that it still holds such Bonds today.

25.     At the conclusion of the period established by the Court for Class Members to submit proper documentation of their membership in the Class, Class Counsel shall provide to

Settling Defendant's Counsel a formal written identification of all Class Members who have submitted claims, the amounts of Bond principal associated with each such Class Member, all documents and information provided by any Class Member to support its membership in the Class, and the total Settlement Amount Argentina is to pay pursuant to this Agreement. Argentina shall then have 21 calendar days from the date of such notification to inform Plaintiff's Counsel of any good faith objection to the inclusion of any potential Class Member in the Settlement. Upon agreement of the Settling Parties or Order of the Court with respect to the identity of and outstanding principal amounts held by Class Members that have submitted valid and timely claims to be included in the Settlement Amount, and Final Approval, as defined in Paragraph 43 of this Agreement, Argentina shall have 60 days to pay the Settlement Amount into an escrow account to be identified by Class Counsel to Argentina (the "Payment Date"). Such payment shall be made by wire transfer. Class Counsel shall provide wire instructions to Settling Defendant's counsel at least 21 calendar days prior to the Payment Date.

26.     Argentina shall have no right, title, interest, reversionary or any other rights in the Settlement Amount paid to the escrow account.  The Bonds transferred to the Escrow Agent by Class Members shall be transferred solely for cancellation, and will be held by the Escrow Agent solely for cancellation and shall not be transferable other than for cancellation.

27.     All Bonds and funds transferred to and held by the Escrow Agent pursuant to this Agreement shall be deemed and considered to be in *custodia legis* of the Court, shall not be subject to attachment, execution or restraint by any creditor of Argentina or by any other person, and shall remain subject to the jurisdiction of the Court, until such time as such funds shall be distributed and the Bonds cancelled pursuant to this Agreement, and/or further order(s) of the Court.

28.     Releasors shall look solely to the Settlement Amount for settlement and satisfaction against the Settling Defendant Releasees of all Released Claims (as defined in Paragraph 44 herein), and Releasors shall have no other recovery against Argentina, or any recovery against any of the other Settling Defendant Releasees, with respect to the Released Claims. Use of the Settlement Amount shall be limited to payments to Class Members in relation to their claims in this Action, as well as attorneys' fees, expenses, costs, and notice and administration costs, all of which must be approved by the Court, or for any other use specifically authorized by order of the Court.

29.     The distribution of the Settlement Amount shall be made following the deduction from the Settlement Amount of any attorneys' fees and/or expenses awarded by the Court overseeing this action. The net Settlement Amount remaining following any deduction for such attorney's fees and expenses shall be distributed to each Class Member *pro rata* based on the amount such Class Member's principal (included in the Settlement Amount) represents as a percentage of the total principal of all Class Members included in the Settlement Amount.

30.     Notwithstanding anything else in this Agreement, in the event Argentina fails to pay the Settlement Amount on the Payment Date, any releases provided by the Releasors, any dismissal with prejudice, and any judgment shall be voidable at Plaintiffs' option nunc pro tunc and the Plaintiffs and the Class Members shall have the right under Fed. R. Civ. Proc. 60 to set aside any judgment and reinstate their claims in full as if the actions had continued without dismissal, including for purposes of relating-back to the original filing of the complaints for purposes of any statute of limitations or prescription period.

**D.     Argentina's Agreement Not to Settle With Bondholders Outside the Action**

31.     In addition to the Settlement provided for in this Agreement, Argentina has also extended a settlement proposal to all holders of its defaulted external debt including all owners of

the Bonds. Because of the pendency of this Action, which is a class action, and the possibility that Class Members may seek to settle with Argentina outside of this Action, the Settling Parties agree, from the date of this Agreement until the District Court Rule 23 Approval, with respect to owners of the Bonds with whom Argentina has not already signed settlement agreements, as follows:

- Argentina will require that any owner of beneficial interests in the Bonds who seeks to settle with Argentina directly (the "Individual Bondholder") provide Argentina with its date of purchase. Argentina will also ask whether the Individual Bondholder has opted out of the class action or been a party to separate legal proceedings with respect to the Bonds, and request the relevant docket number in the event the Individual Bondholder has been a party to separate legal proceedings.

- Those Individual Bondholders that provide a date of purchase on or before the filing of the Action, and that did not otherwise opt out, or, prior to the date of Preliminary Approval of the Settlement, become a party to separate legal proceedings with respect to the Bonds, will be referred to Class Counsel (such referral obligation shall end at the date of the Fairness Hearing or December 31, 2016, whichever is earlier) and Argentina will not settle with such Individual Bondholder other than under the terms of this Agreement.

- Those Individual Bondholders that provide a date of purchase after December 19, 2006, and that did not otherwise opt out or, prior to the date of Preliminary Approval of the Settlement, become a party to separate legal proceedings with respect to the Bonds, will be required to submit supporting documentation from a relevant bank or broker as to the date of purchase before Argentina settles with that Individual Bondholder.

- Nothing herein shall be deemed an agreement on the part of Argentina or Plaintiffs, or be used by a Settling Party to argue that another Settling Party has agreed, that a person or entity who continuously held the Bonds from the Start Date to final judgment and files its own litigation with respect to the Bonds after the date of Preliminary Approval of the Settlement, is or is not a Class Member, and the Settling Parties reserve their rights to take the position that such person or entity is or is not a Class Member.

**E.    Administrative Costs and Taxes**

32.    All costs associated with the Class notification process, all fees related to administration of this Settlement or management of the Settlement Amount, and all attorneys' fees, expenses, and costs shall be paid solely out of the Settlement Amount and/or the Notice Fund. Other than payment of the Settlement Amount and the Notice Fund, Argentina shall have no further financial responsibility to the Class, or to Class Counsel, with respect to those, or any other, fees or costs beyond payment of the Settlement Amount and Notice Fund. Class Members and Class Counsel irrevocably waive and release, upon this Agreement becoming Finally Approved, any and all claims, rights, or benefits Class Members and Class Counsel may have to the payment by Argentina of attorneys' fees or costs related to the Action.

33.    Plaintiffs and Class Counsel expressly agree and acknowledge that each Class Member shall be individually responsible for any and all tax obligations related to any payments received as a result of this Settlement. Argentina makes no representations about the tax ramifications, if any, of any payments made to Class Members, Class Counsel, or the Plaintiffs pursuant to, or as a result of, this Agreement.

34.    Class Counsel will submit a motion seeking approval of the payment of attorneys' fees, costs, and expenses from the Settlement Amount. Such costs and expenses include past

litigation expenses or expenses related to notice and administration of this Settlement. Other than the payment of the Settlement Amount and Notice Fund, Argentina shall have no obligation to pay any amount of Class Counsel's attorneys' fees or the costs or expenses of litigation for the Class. Argentina agrees not to oppose such a request made by Class Counsel.

35.     Plaintiffs and Argentina agree to treat the Settlement Amount ultimately paid by Argentina as being at all times a "qualified settlement fund" within the meaning of Treas. Reg. § 1.468B-1 (the "Settlement Fund"). In addition, the Escrow Agent who manages the escrow account to be established pursuant to paragraph 25, shall timely make such elections as necessary or advisable to carry out the provisions of Paragraphs 35 through 37 of the Agreement, including the "relation-back election" (as defined in Treas. Reg. § 1.468B-l(j)(2)) back to the earliest permitted date. Such elections shall be made in compliance with the procedures and requirements contained in such regulations. It shall be the responsibility of the Escrow Agent to timely and properly prepare and deliver the necessary documentation for signature by all necessary parties, and thereafter to cause the appropriate filing to occur.

36.     For the purpose of § 468B of the Internal Revenue Code of 1986, as amended, and the regulations promulgated thereunder, the "administrator" shall be the Escrow Agent. The Escrow Agent shall timely cause to be prepared and filed all applicable information and other tax returns and shall cause to be withheld or paid such taxes as necessary or advisable with respect to the Settlement Amount (including without limitation, complying with the returns and information reporting and withholding requirements described in Treas. Reg. § 1.468B-2(k) and -(l)).

37.     All (i) taxes (including any estimated taxes, interest, or penalties) arising with respect to the income earned by the Settlement Amount, including any taxes or tax detriments that may be imposed upon Argentina or any other Settling Defendant Releasee with respect to any income

earned by the Settlement Amount for any period during which the Settlement Amount does not qualify as a "qualified settlement fund" for federal or state income or other tax purposes ("Taxes"); and (ii) expenses and costs incurred in connection with the operation and implementation of Paragraphs 35 through 37 (including, without limitation, expenses of tax attorneys and/or accountants and mailing and distribution costs and expenses relating to filing (or failing to file) the returns described in Paragraph 36 ("Tax Expenses")), shall be paid out of the Settlement Amount. Further, Taxes and Tax Expenses shall be treated as, and considered to be, a cost of administration of the Settlement and shall be timely paid by the Escrow Agent out of the Settlement Amount without prior order from the Court, and the Escrow Agent shall be obligated (notwithstanding anything herein to the contrary) to withhold from distribution any funds necessary to pay such amounts (as well as any amounts that may be required to be withheld under Treas. Reg. § 1.468B-2(l)(2)).

### F.      Approval of this Agreement and Dismissal of Claims

38.      Plaintiffs and Argentina shall use their best efforts to effectuate this Agreement, including, seeking Preliminary Approval of the Settlement and securing the Court's approval of procedures (including providing notice of the Settlement to the Class) to secure the prompt, complete, and final dismissal with prejudice of the Action with respect to all Class Members.

39.      Upon the Execution Date, the Plaintiffs shall not pursue the Action against Argentina and shall not require that it answer or respond to any pleading and shall hold the litigation in abeyance against Argentina. During the period of time between the Execution Date and the date an order of dismissal is entered as provided for in Paragraph 42 below, any statutes of limitations concerning the claims of the Plaintiffs and Class Members asserted against Argentina shall be tolled.

40.     Plaintiffs shall submit to the Court a motion for Preliminary Approval of the Settlement, and authorization to disseminate notice of settlement, to all potential Class Members.

41.     When Plaintiffs issue a Class Notice as contemplated by Paragraph 51, the Settling Parties shall approve the form of notice to be provided to the Class and Plaintiff shall submit it to the Court and request that the Court: (i) preliminarily approve the Settlement reflected herein; (ii) approve the form of notice to be provided to the Class in the form mutually agreed to by the Settling Parties and submitted in connection with the motion for Preliminary Approval, and find that the form, manner, and timing of notice constitutes the best notice practicable under the circumstances, and is due and sufficient notice to the Class and fully satisfies the requirements of due process and of Rule 23 of the Federal Rules of Civil Procedure; (iii) direct that notice be provided to the Class, in accordance with the Settlement; (iv) establish a procedure for Class Members to object to the Settlement and/or, if the Court so determines under Federal Rule of Civil Procedure 23(e)(4), to exclude themselves from the Class, and set a date, following the date Class Notice is initially published as per Paragraph 51 of this Agreement, after which no Class Member shall be allowed to object to the Settlement or exclude himself, herself, or itself from the Class or seek to intervene in the Action; (v) pending final determination of whether the Settlement should be approved, bar all Class Members, directly, on a representative basis, or in any other capacity, from commencing or prosecuting against any of the Settling Defendant Releasees any action, arbitration, or proceeding in any court, arbitration forum, or tribunal asserting any of the Released Claims; (vi) pending final determination of whether the Settlement should be approved, stay all proceedings in the Action as to Argentina except those related to the effectuation of the Settlement; and (vii) schedule a Fairness Hearing (which shall take place after the deadline for members of the Class

to object and no earlier than 90 days after entry of a Preliminary Approval Order and the publication of Class Notice).

42.     If the Court preliminarily approves this Agreement, Plaintiffs and Argentina shall jointly seek entry of an order the text of which Plaintiffs and Argentina shall agree upon, that:

(a)     As to the Action, finally approves this Agreement and its terms as being a fair, reasonable, and adequate settlement as to the Class Members within the meaning of Rule 23 of the Federal Rules of Civil Procedure and directing its consummation according to its terms;

(b)     Directing that a final judgment of dismissal be entered dismissing the Action with prejudice and, except as explicitly provided for in this Agreement, without costs;

(c)     Reserving exclusive jurisdiction over the Settlement and this Agreement, including the administration and consummation of this Settlement;

(d)     Enjoining Class Members, and any person, entity, or official acting on behalf of a Class Member, from re-asserting Released Claims or seeking an additional recovery payable to a Class Member based on the facts or transactions alleged in the Complaint;

(e)     If a second opt-out opportunity is provided by the Court, requiring Class Counsel to file with the Clerk of the Court a record of potential Class Members who timely excluded themselves from the class, and to provide a copy of the record to counsel for the Settling Defendant.

43.     This Agreement shall become final only when (a) the Court has entered an order approving this Agreement under Rule 23(e) of the Federal Rules of Civil Procedure and a final judgment dismissing the Action against Argentina on the merits with prejudice as to all Class Members and without costs has been entered, and (b) the time for appeal or to seek permission to appeal from the Court's approval of this Agreement and entry of a final judgment as described in clause (a) above has expired or, if appealed, approval of this Agreement and the final judgment have been affirmed in their entirety by the Court of last resort to which such appeal has been taken and such affirmance has become no longer subject to further appeal or review ("Final Approval" or

"Finally Approved"). Any appeal pertaining solely to an award of attorneys' fees and/or expenses by the Court overseeing this action shall not in any way delay or preclude this Agreement from becoming final. It is agreed that neither the provisions of Rule 60 of the Federal Rules of Civil Procedure nor the All Writs Act, 28 U.S.C. § 1651, shall be taken into account in determining the above-stated times. On the Execution Date, Plaintiffs and Argentina shall be bound by the terms of this Agreement, and this Agreement shall not be rescinded except in accordance with Paragraphs 48-50.

### G.     Release and Discharge

44.     In addition to and not in lieu of the effect of any final judgment entered in accordance with this Agreement, upon District Court Rule 23 Approval of this Agreement(and subject to the condition subsequent of payment of the Settlement Amount on the Payment Date), and for other valuable consideration as described herein, the Settling Defendant Releasees shall be completely released, acquitted, and forever discharged from any and all claims, demands, actions, suits, causes of action, judgments, joinders (whether for sole liability, contribution, indemnity, or otherwise), rights, defenses, damages, penalties, punitive damages, costs, expenses, attorney's fees, compensation, debts, dues, accounts, Bonds, covenants, agreements, and liability of any nature whatsoever, in law or in equity or otherwise, whether class, individual or otherwise in nature, that Releasors, or each of them, ever had, now has, or hereafter can, shall, or may have on account of or arising out of conduct or allegations concerning the Bonds including, but not limited to, any conduct alleged, and causes of action asserted, or that could have been alleged or asserted, whether or not concealed or hidden, in the complaint filed in the Action (the Complaint), and/or claims that could have been alleged or asserted, whether or not concealed or hidden, in any other actions by any Releasor against the Settling Defendant or any Settling Defendant Releasee, which arise from or are

18

predicated on the facts and/or actions described in the Complaint, from the beginning of time through the present (the "Released Claims"), provided, however, that the Released Claims shall not include any action to enforce the terms of this Settlement Agreement. It is expressly understood and agreed that this Release and Settlement is intended to cover and does cover not only all known and unknown, foreseen and unforeseen, suspected or unsuspected injuries, losses and damages, and the consequences thereof, but also any further injuries, losses and damages which arise from, or are related to, the claims set forth in the Complaint. The Releasors shall not, after the date of this Agreement, seek to recover against any of the Settling Defendant Releasees for any of the Released Claims.

45.     In addition to the provisions of Paragraph 44, each Releasor hereby expressly and irrevocably waives and releases, upon District Court Rule 23 Approval of this Agreement (and subject to the condition subsequent of payment of the Settlement Amount on the Payment Date) , any and all defenses, rights, and benefits that each Releasor may have or that may be derived from the provisions of applicable law which, absent such waiver, may limit the extent or effect of the release contained in Paragraph 44. Each Releasor also expressly and irrevocably waives any and all defenses, rights, and benefits that the Releasor may have under any similar statute in effect in any other jurisdiction that, absent such waiver, might limit the extent or effect of the Release.

46.     In addition to and not in lieu of the effect of any final judgment entered in accordance with this Agreement, upon District Court Rule 23 Approval of this Agreement (and subject to the condition subsequent of payment of the Settlement Amount on the Payment Date), and for other valuable consideration as described herein, the Plaintiffs and each Class Member shall be completely released, acquitted, and forever discharged from any and all claims, demands, actions, suits, causes of action, judgments, joinders (whether for sole liability, contribution, indemnity, or

otherwise), rights, defenses, damages, penalties, punitive damages, costs, expenses, attorney's fees,

compensation, debts, dues, accounts, Bonds, covenants, agreements, and liability of any nature

whatsoever, in law or in equity or otherwise, whether class, individual or otherwise in nature, that

Settling Defendant Releasees, or each of them, ever had, now has, or hereafter can, shall, or may

have on account of or arising out of conduct or allegations concerning the Bonds including, but not

limited to, any conduct alleged, and causes of action asserted, or that could have been alleged or

asserted, whether or not concealed or hidden, in the complaint filed in the Action (the Complaint),

and/or claims that could have been alleged or asserted, whether or not concealed or hidden, in any

other actions by any Settling Defendant Releasee against any of the Plaintiffs or any Class Member,

which arise from or are predicated on the facts and/or actions described in the Complaint, from the

beginning of time through the present (the "Settling Defendant's Released Claims"), provided,

however, that the Settling Defendant's Released Claims shall not include any action to enforce the

terms of this Settlement Agreement. It is expressly understood and agreed that this Release and

Settlement is intended to cover and does cover not only all known and unknown, foreseen and

unforeseen, suspected or unsuspected injuries, losses and damages, and the consequences thereof,

but also any further injuries, losses and damages which arise from, or are related to, the claims set

forth in the Complaint. The Settling Defendant Releasees shall not, after the date of this Agreement,

seek to recover against any of the Plaintiffs or Class Members for any of the Settling Defendant's

Released Claims.

47.     In addition to the provisions of Paragraph 46, each Settling Defendant Releasee

hereby expressly and irrevocably waives and releases, upon District Court Rule 23 Approval of this

Agreement (and subject to the condition subsequent of payment of the Settlement Amount on the

Payment Date), any and all defenses, rights, and benefits that each Settling Defendant Releasee may

have or that may be derived from the provisions of applicable law which, absent such waiver, may limit the extent or effect of the release contained in Paragraph 46. Each Settling Defendant Releasee also expressly and irrevocably waives any and all defenses, rights, and benefits that the Settling Defendant Releasee may have under any similar statute in effect in any other jurisdiction that, absent such waiver, might limit the extent or effect of the Release.

### H.      Rescission if the Agreement is Not Approved

48.      If the Court refuses to approve this Agreement or any part hereof, or if such approval is modified or set aside on appeal, or if the Court does not enter the final judgment provided for in Paragraph 42 of this Agreement, or if the Court enters the final judgment and appellate review is sought, and on such review, such final judgment is not affirmed, then Argentina and Plaintiff shall each, in their sole discretion, have the option to rescind this Agreement in its entirety, in which case any releases shall be null and void and of no effect ab initio.

49.      In the event of rescission, if Final Approval of this Agreement is not obtained, or if the Court does not enter the final judgment provided for in Paragraph 42 of this Agreement, the Settling Parties agree that this Agreement, including its exhibits, and any and all negotiations, documents, information and discussions associated with it shall be without prejudice to the rights of Argentina, shall not be deemed or construed to be an admission or evidence of any violation of any statute or law or of any liability or wrongdoing, or of the truth of any of the claims or allegations made in this Action in any pleading.

50.      In the event any of the Settling Parties elect to rescind this Agreement pursuant to Paragraphs 48 or 49 of this Agreement, or if Final Approval of the Settlement provided for in the Agreement is not obtained, unless otherwise specified in this Agreement, the Settling Parties shall be restored to the position they occupied in this Action immediately prior to entering into this

Agreement and the Agreement shall have no effect on the rights of the Settling Parties to prosecute or defend the pending Action in any respect.

### I.    Notice of Settlement to Class Members

51.    Class Counsel shall take all necessary and appropriate steps to ensure that Class Notice of this Settlement Agreement and the date of the hearing scheduled by the Court to consider the fairness, adequacy, and reasonableness of this Settlement Agreement is provided in accordance with the Federal Rules of Civil Procedure and Court order. Class Counsel will undertake all reasonable efforts to obtain the names and addresses or account information of those potential members of the Class. Notice of this Settlement will be issued in accordance with the dates ordered by the Court.

### J.    Miscellaneous

52.    The Settling Parties hereto are entering into this Agreement solely to receive the benefits provided hereunder and to avoid the costs and burdens of potential litigation. This Agreement shall not constitute or be construed or considered as an admission by Argentina or any Settling Defendant Releasee for any purpose or as evidence of liability.

53.    The United States District Court for the Southern District of New York shall retain jurisdiction over the implementation, enforcement, and performance of this Agreement, and shall have exclusive jurisdiction over any suit, action, proceeding, or dispute arising out of or relating to this Agreement or the applicability of this Agreement that cannot be resolved by negotiation and agreement by Plaintiffs and the Settling Defendant. Plaintiffs and the Settling Defendant submit to the jurisdiction of the Court for purposes of implementing and enforcing the Settlement embodied in this Agreement, and the Settling Defendant waives its sovereign immunity in the context of such submission to jurisdiction, including under the United States Foreign Sovereign Immunities Act.

This waiver of immunity does not extend to any property of Argentina, wherever located. This Agreement shall be governed by, enforced, and interpreted according to the substantive laws of the State of New York without regard to its choice of law or conflict of laws principles.

54.     This Agreement constitutes the entire agreement among Plaintiffs (and the other Releasors) and Argentina (and the other Settling Defendant Releasees) pertaining to the Settlement of the Action against Argentina and supersedes any and all prior and contemporaneous undertakings of Plaintiffs and Argentina in connection therewith, including the May 6, 2016 Agreement in Principle. This Agreement may be modified or amended only by a writing executed by Plaintiffs and Argentina, and approved by the Court.

55.     This Agreement shall be binding upon, and inure to the benefit of, the heirs, successors, and assigns of Releasors and Settling Defendant Releasees. Without limiting the generality of the foregoing: (a) each and every covenant and agreement made herein by Plaintiffs or Class Counsel shall be binding upon all Class Members and Releasors; and (b) each and every covenant and agreement made herein by Settling Defendant Releasees shall be binding upon all Settling Defendant Releasees.

56.     This Agreement may be executed in counterparts by Plaintiffs and Argentina, and a facsimile signature or through email of an Adobe PDF will be considered as an original signature for purposes of execution of this Agreement.

57.     The headings in this Agreement are included for convenience only and shall not be deemed to constitute part of this Agreement or to affect its construction.

58.     Neither Argentina nor Plaintiffs, nor any of them, shall be considered to be the drafter of this Agreement or any of its provisions for the purpose of any statute, case law, or rule of

interpretation or construction that would or might cause any provision to be construed against the drafter of this Agreement.

59.     Nothing expressed or implied in this Agreement is intended to or shall be construed to confer upon or give any person or entity other than Class Members, Releasors, Argentina, and Settling Defendant Releasees any right or remedy under or by reason of this Agreement.

60.     Where this Agreement requires any party to provide notice or any other communication or document to any other party, other than Class Notice, such notice, communication, or document shall be provided by facsimile, letter by overnight delivery, or by email to:

|  |  |
|---|---|
| **For the Class:** | **For Argentina:** |
| Jennifer Scullion<br>PROSKAUER ROSE LLP<br>Eleven Times Square<br>New York, NY 10036<br>(212) 969-3000<br>jscullion@proskauer.com | Carmine D. Boccuzzi Jr.<br>Daniel J. Northrop<br>**CLEARY GOTTLIEB STEEN &**<br>**HAMILTON LLP**<br>One Liberty Plaza<br>New York, NY 10006<br>Telephone: (212)-225-2000<br>Email: cboccuzi@cgsh.com<br>        dnorthrop@cgsh.com |
| Saul Roffe<br>LAW OFFICES OF SAUL ROFFE, ESQ.<br>52 Homestead Circle<br>Marlboro, NJ  07746<br>(732) 616-1304<br>saul.roffe@gmail.com | |
| Michael Diaz<br>Marta Colomar Garcia<br>DIAZ REUS & TARG LLP<br>100 S.E. 2nd Street,<br>Suite 3400<br>Miami, FL 33131<br>(305) 375-9220<br>mdiaz@diazreus.com<br>mcolomar@diazreus.com | |

61.     Each of the undersigned attorneys represents that he or she is fully authorized to enter into the terms and conditions of, and to execute, this Agreement, subject to Court approval.

Dated: May 23, 2016

PROSKAUER ROSE LLP

Jennifer R. Scullion
11 Times Square
New York, NY 10037
(212) 969-3000
jscullion@proskauer.com

DIAZ REUS & TARG

Michael Diaz, Jr.
Marta Colomar-Garcia
DIAZ REUS & TARG LLP
100 S.E. 2nd Street, Suite 3400
Miami, FL 33131
(305) 375-9220
mdiaz@diazreus.com
mcolomar@diazreus.com

LAW OFFICES OF SAUL ROFFE, ESQ.

Saul Roffe
52 Homestead Circle
Marlboro, NJ  07746
(732) 375-9220
sroffe@gmail.com

*Co-Lead Counsel for Plaintiffs and Classes*

CLEARY GOTTLIEB STEEN &
HAMILTON LLP

Carmine D. Boccuzzi Jr.
Daniel J. Northrop
One Liberty Plaza
New York, NY 10006
Telephone: (212)-225-2000
Email: cboccuzzi@cgsh.com
        dnorthrop@cgsh.com

*Attorneys for Defendant Republic of Argentina*

25